**BASS PRO OUTDOOR WORLD, L.P., Plaintiff–Appellant,**

v.

**Wilbur WILSON and Maxine Wilson, Billy J. Hanks and Ruth Ann Hanks, Wilson Investments, Ltd., Defendants–Respondents.**

**No. 21748.**

Missouri Court of Appeals, Southern District, Division One.

March 25, 1998.

Ben K. Upp, Jeff Love, Jason M. Krebs, Greene & Curtis, L.L.P., Springfield, for Appellant.

James L. Bowles, Ozark, for Respondents Wilson and Hanks.

C. Ronald Baird, M. Scott Montgomery, Baird, Lightner, Millsap, P.C, Springfield, for Respondent Wilson Investments, Inc.

PREWITT, Judge.

At issue is the ownership of certain property in the City of Ozark. Both Plaintiff and Defendants claim ownership by record title, and Defendants Wilbur Wilson, Maxine Wilson, Billy J. Hanks, and Ruth Ann Hanks additionally claim title by adverse possession. Following non-jury trial, judgment was entered quieting title in Defendants Wilson and Hanks, subject to the lease of Wilson Investments, Ltd. Plaintiff appeals.

■ Appellate review of a non-jury case is provided in Rule 73.01(c). As that rule is construed, the judgment of the trial court is to be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Humphrey v. Sisk*, 890 S.W.2d 18, 20 (Mo.App. 1994). The trial court's judgment is presumed valid and the burden is on appellant to demonstrate its incorrectness. *Id.* Due regard is given to the trial court to determine the credibility of witnesses. Rule 73.01(c)(2). All fact issues upon which no findings are made shall be considered as having been found in accordance with the result. Rule 73.01(a)(3).

Plaintiff and Defendants each claim title through common predecessors. Defendants' claim is through a deed prior to Plaintiff's and by adverse possession. After Defendants rejected Plaintiff's February, 1994, offer of $150,000.00 for the land in dispute, Plaintiff claims to have later purchased, in July, 1994, that land together with another piece of property for $250,000.00. What, if any, allocation was made to the respective parcels was not shown.

By its first point, Plaintiff asserts that the trial court erred in finding for Defendants as Plaintiff's title is superior in that "Wilson/Hanks failed to establish record title to the whole of Lot 113 and failed to establish the location of the portion of Lot 113 described in the deeds which form the basis of their claim." [1]

The legal description in the executor's deed by which Wilbur Wilson purported to take title on June 22, 1981, states:

All that part of the City Lot No. 113, described as follows: Beginning at the SE corner of said Lot 113, thence North to a private road running through said lot, thence in a Northwesterly direction following the meanderings of said road to the middle of the main channel of Finley Creek, thence down said creek in the middle of the main channel thereof to the South line of said Lot No. 113, thence East on South line of Lot 113 to the place of beginning. Also all that part of City Lots 113, 124 and 105, Paul's Survey, lying West of Federal Highway No. 65, conveyed to grant or herein by deed recorded in Book 110, Page 399, records of Christian County, Missouri. Also all of lots 1, 2, and 3, Block 1, Old Town of Ozark, and also, all of Lot 114 according to Paul's Survey of the City of Ozark, Missouri. Except that part deeded for State Highway.

Plaintiff claims that this description is insufficient because the location of the private road mentioned in the description is at least uncertain or cannot be found and therefore, what portion of Lot 113 Defendants claim an interest in cannot be established. They assert that the portion of the description describing all that part of Lot 113 west of federal Highway 65 only purports to convey another part of the same lot, but what portion is not clear. Plaintiff offered the testimony of an abstractor who indicated that these descriptions appear to purport to transfer only a portion of the lot, but we conclude that this is not a factual matter but a question of law and that the description can only be construed as transferring the lot.

■ Certain principles apply in examining legal descriptions. If language is unam-

---

1. A portion of Lot 113 lies west of the Finley Creek or River, but Defendants make no claim to that. They claim only the portion between the stream and what was Highway 65. This is the land in dispute.

biguous the intent is gathered from the instrument. *Hooks v. Spies,* 583 S.W.2d 569, 571 (Mo.App.1979). If there is an ambiguity in a land description, "the court should assume the position of the parties to the deed as nearly as possible, consider the circumstances of the transaction and read and interpret the words used in that light." *Id.*

▆▆▆ Courts reject an interpretation that a deed conveys nothing in favor of an interpretation that property was conveyed. *Massachusetts General Life Ins. Co. v. Sellers,* 835 S.W.2d 475, 481 (Mo.App.1992). A construction placed on the document by the parties as shown by what they did is strong evidence of what was intended by the deed. *Petty v. Griffith,* 165 S.W.2d 412, 416 (Mo. 1942). "Where one part of the description is defective, but several other parts of the context locate the property, the description is good." 1 GILL, THE MISSOURI LAW OF TITLE TO REAL PROPERTY, § 131, p. 125 (4th Ed., 1960).

▆▆▆ Plaintiff asserts that the initial reference to Lot 113 does not convey anything because the private road cannot be located. The final reference, they say, was only to convey a part of Lot 113, and what part that is cannot be determined. Therefore, it appears to us that Plaintiff is saying that the description was so faulty as to not convey any real estate. As earlier mentioned, such a construction is not favored.[2]

Trying to place this Court in the position of the parties, it is certainly possible that the final reference to Lot 113 was added so as to convey all or the balance of Lot 113 in the event the private road could not be located. In addition, Plaintiff's predecessors in title own property within view of the disputed land and did nothing to prevent Defendants

and others from exercising dominion over most, if not all of the disputed property for several years. That indicates that they assumed Defendants had received title to the portions of Lot 113 east of the stream.[3]

Although the language here appears, at least as to the final reference to Lot 113, to be clear, even if there is an ambiguity it is construed to give validity to the deed and as the parties or their predecessors apparently understood it. The latter reference to Lot 113 conveys all of the part of Lot 113 west of federal Highway 65, and the surveys establish that all of Lot 113 is west of Highway 65. Therefore, even if the "private road" cannot be located, the disputed land was conveyed to Wilbur Wilson. *Cf. Massachusetts General Life Ins. Co.,* 835 S.W.2d at 480–81. Point I has no merit.

▆▆▆ For its second point, Plaintiff contends that title by adverse possession was not vested because there was no evidence to establish that Defendants had possession of the whole of Lot 113, and there was insufficient evidence to define with particularity the portion of the lots actually possessed for a period of ten years. This argument is premised on the fact that color of title was not established and, although it is not necessary to consider this in view of our holding on Point I, we briefly discuss Point II. Even if the deed was defective it still was sufficient to establish color of title. Under Section 516.040, RSMo 1994:

> The possession, under color of title, of a part of a tract or lot of land, in the name of the whole tract claimed, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such tract.

▆▆▆ There was evidence that for more than ten years since one or more of the

---

2. In oral argument, Plaintiff's counsel acknowledged that the deed to Wilbur Wilson conveyed something. However, as we understand Plaintiff's contention in its brief and in argument, what portion of Lot 113 the deed conveyed cannot be or was not established. The effect of this, we conclude, is to say that the deed conveyed nothing.

3. The trial court, based on testimony, photographic evidence, and drawings of a surveyor, found that Defendants sufficiently established where the "private road" was located so as to make the description clear. In view of our following conclusions, we do not reach the question of that finding.

Defendants had title to the property extensive work was done on it, including filling the lot, fencing, and using earth-moving equipment upon it. Defendants paid the taxes since 1981; granted an easement to the City of Ozark; collected rents on the land; and generally exercised all of the elements required for adverse possession for more than ten years. For those elements, see *Witt v. Miller,* 845 S.W.2d 665, 667 (Mo.App.1993).

"Any combination of continual acts of occupying, clearing, cultivating, pasturing, erecting fences or other improvements, and paying taxes on the land serve as evidence of adverse possession ... No more affirmative act of ownership can be asserted than the rental of the land ... and the collection of rents thereon." *A. Charles Bussen Trust v. Kertz,* 723 S.W.2d 922, 928 (Mo.App.1987). Point II, likewise, has no merit.

The judgment is affirmed.

CROW and SHRUM, JJ., concur.