Debbie McLALLEN and Monty McLallen, Plaintiffs–Appellants,

v.

John TILLMAN, Patricia Tillman, Craig Sanders, and Stephen A. Geigle and Judy Geigle, Defendants–Respondents.

No. SD 31659.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 16, 2012.

---

John E. Price, Springfield, MO, for Appellants.

Willam G. Weber, Pineville, MO, for Respondents John, Patricia Tillman and Craig Sanders.

Thurston Thompson, Noel, MO, for Respondent Judy Geigle.

Stephen A. Geigle, Acting Pro Se.

JEFFREY W. BATES, J.

Plaintiffs Debbie and Monty McLallen (the McLallens) appeal from a summary judgment quieting title to property located along the Elk River in defendants Judy and Stephen Geigle (the Geigles).[1] The title dispute arose out of 1984, 1998 and 2002 deeds conveying property "lying North and West of Elk River." In 1984, the Elk River consisted of two distinct channels. More water flowed through the

---

1. The judgment also dismissed without prejudice the cross-claims of the other defendants John and Patricia Tillman and Craig Sanders, who together filed a separate respondents' brief raising arguments identical to the Geigles in defending the summary judgment below.

southern channel than the northern channel. At some point in the 1990s, more water began to flow through the northern channel than the southern channel. Although none of the foregoing deeds explicitly stated which channel constituted the intended boundary line, the trial court decided that the legal descriptions in these deeds were not ambiguous.

On appeal, the McLallens present four points for decision, the first of which is dispositive. In Point I, the McLallens contend the trial court erred in granting summary judgment to the Geigles because the legal description in the deeds contained a latent ambiguity by failing to identify which channel of the Elk River was intended to be the boundary line. The McLallens argue that this latent ambiguity presents a genuine issue of material fact as to the parties' intent which requires a trial to resolve. We agree. The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.[2]

A summary judgment can only be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); *Hitchcock v. New Prime, Inc.,* 202 S.W.3d 697, 699 (Mo.App.2006); *Lindsay v. Mazzio's Corp.,* 136 S.W.3d 915, 919 (Mo.App.2004).[3] Appellate review is *de novo. Wilson v. Rhodes,* 258 S.W.3d 873, 875 (Mo.App.2008). Consequently, this Court does not defer to the trial court's decision to grant summary judgment. *Barekman v. City of Republic,* 232 S.W.3d 675, 677 (Mo.App.2007). Instead, we use the same criteria the trial court should have employed in initially deciding whether to grant the Geigles' motion. *Id.; see ITT Commercial Finance Corp. v. Mid-*

*Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

As our Supreme Court explained in *ITT,* Rule 74.04 distinguishes between a motion for summary judgment filed by a "claimant" and by a "defending party." *ITT,* 854 S.W.2d at 380. Here, the Geigles were defending parties.

> [A] "defending party" may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.* at 381 (italics in original); *see Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc.,* 155 S.W.3d 50, 58–59 (Mo. banc 2005). "The moving party bears the burden of establishing a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment." *Wallingsford v. City of Maplewood,* 287 S.W.3d 682, 685 (Mo. banc 2009). Because summary judgment is "an extreme and drastic remedy," we exercise great caution in affirming it because the procedure cuts off the opposing party's day in court. *ITT,* 854 S.W.2d at 377.

Appellate review is based upon the record submitted to the trial court. *Sexton v. Omaha Property and Cas. Ins. Co.,* 231 S.W.3d 844, 845 (Mo.App.2007). We view the record in the light most favorable to the party against whom judgment was en-

---

**2.** Our disposition of Point I makes it unnecessary to address the McLallens' three other points.

**3.** All references to rules are to Missouri Court Rules (2012).

tered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record. *ITT*, 854 S.W.2d at 376. "A genuine issue of material fact" exists where the record contains competent evidence that two plausible, but contradictory, accounts of essential facts exist. *Amusement Centers, Inc. v. City of Lake Ozark*, 271 S.W.3d 18, 19 (Mo.App.2008). The following summary of facts has been prepared in accordance with these principles.

There are three deeds relevant to the issues presented by this appeal. In 1984, Bob and Donna Mott conveyed the following real estate to Judy Geigle by warranty deed:

> All that part of the East Half (E½) of the Northwest fractional Quarter (NW¼) of Section 4, Township 21, Range 32, McDonald County, Missouri, lying North and West of Elk River. Except county road.

When this deed was executed and recorded in 1984, the Elk River consisted of two channels. More water flowed through the southern channel than the northern channel. An area approximately eight acres in size lay between the two channels. This land, which is the subject of this lawsuit, will be referred to as the disputed eight acres.

At some point in the 1990s when Judy Geigle owned the above-referenced property, more water began to flow through the northern channel than the southern channel. In 1998, Stephen and Judy Geigle executed a warranty deed conveying the following real estate to Deanna Pittman:

> All that part of the East Half (E–½) of the Northwest fractional Quarter (NW–¼) of Section 4, Township 21N, Range 32W, McDonald County, Missouri, lying North and West of Elk River, EXCEPT county road, and subject to all easements, rights of way, covenants, and restrictions of record, if any. . . .

In 2002, Deanna Pittman and Barbara and Maurice Burlison executed a warranty deed conveying the following real estate to Monty McLallen and Debbie Hehner (now McLallen):

> All that part of the East Half of the Northwest fractional Quarter of Section 4, Township 21 North, Range 32 West, McDonald County, Missouri, lying North and West of Elk River. . . .

At the time of this conveyance, the two channels of the Elk River still existed, and more water flowed through the northern channel than the southern channel.

The trial court granted summary judgment to the Geigles and quieted title to the disputed eight acres in them. The judge decided that "the 1998 Missouri Warranty Deed from [the Geigles] to Pittman is not ambiguous on its face and therefore did not convey to Pittman any land lying south and east of the Elk River."

 On appeal, the McLallens contend there are latent ambiguities in the deeds because the legal descriptions contained therein did not identify which channel of the Elk River was the intended boundary line. The McLallens argue that the latent ambiguities in the legal descriptions of these deeds require parol or extrinsic evidence to determine what real property was intended to be conveyed. Consequently, they assert that there are genuine issues of material fact that preclude summary judgment in this case. We agree.

"Whether a document is ambiguous is a question of law." *Emerald Pointe, L.L.C. v. Jonak*, 202 S.W.3d 652, 659 (Mo.App. 2006). Two types of ambiguities in an instrument may exist: (1) a patent ambiguity; and (2) a latent ambiguity. *Id.* "There is no patent ambiguity if the face of the deed does not raise any ambiguities." *Id.* "A latent ambiguity, on the other hand, arises where a writing is clear and unam-

biguous on its face, but the meaning is made uncertain due to collateral matters." *Id.* In *Wolf v. Miravalle,* 372 S.W.2d 28 (Mo. banc 1963), our Supreme Court explained:

> Where an uncertainty in the description of the land conveyed does not appear upon the face of the deed but evidence discloses that the description applies equally to two or more parcels, a latent ambiguity is said to exist and extrinsic or parol evidence is admissible to show which tract or parcel of land was intended.

*Id.* at 32; *see, e.g., Becker v. Workman,* 530 S.W.2d 3, 6–7 (Mo.App.1975) (deed contained latent ambiguity when it described grantor's property as bounded on west by barbed-wire fence when in fact there were two barbed-wire fences on either side of disputed strip). A latent ambiguity in the description of land in a deed has also been described as "an uncertainty not appearing on the face of the instrument, but which is shown to exist for the first time by matter outside the writing, when an attempt is made to apply the language to the ground." *Becker,* 530 S.W.2d at 6. "Such an ambiguity, [as] practically agreed by all the cases, may be explained and removed by parol evidence; having been revealed by matter outside the instrument, it may be removed in the same manner." *Id., Meinhardt v. White,* 341 Mo. 446, 107 S.W.2d 1061, 1064 (1937); *see McComas v. Umlauf,* 641 S.W.2d 809, 813 (Mo.App.1982). "In resolving latent ambiguities in deeds, the intent of the parties, primarily that of the grantor, is determinative and dispositive, which intent is determined, not only by the terms of the deed itself, but by the surrounding circumstances and conditions as well." *Penrod v. Henry,* 706 S.W.2d 537, 540 (Mo.App. 1986); *see Bass Pro Outdoor World, L.P. v. Wilson,* 965 S.W.2d 890, 893 (Mo.App. 1998).

Here, all three deeds use the same language, conveying land "lying North and West of Elk River," to describe one boundary of the property conveyed. Based on facts extrinsic to the chain of title, however, the Geigles argue that the disputed eight acres, claimed by them under the 1984 deed, were unambiguously excluded from the land conveyed by the 1998 and 2002 deeds. We disagree. None of the deeds at issue explicitly stated which of the two distinct channels of the Elk River was intended to be the boundary line of that conveyance. Accordingly, the legal descriptions in the deeds contain latent ambiguities. *See Becker,* 530 S.W.2d at 6–7; *Kuhn v. Chesapeake & O. Ry. Co.,* 118 F.2d 400, 404 (4th Cir.1941) (controversy as to which branch of river "was intended as the boundary line constituted a latent ambiguity in the deeds, to be resolved by the jury in the light of the parol evidence showing the intention and understanding of the parties"); *McMillan v. Aiken,* 205 Ala. 35, 88 So. 135, 142 (1920) ("the deed describing the land as bounded on the north and on the south by said Bayou Jessamine merely presented a latent ambiguity [as] illustrated and explained by the fact ... that Bayou Jessamine (Forbeau) had two prongs or forks"); *Petrie v. Trustees of Hamilton College,* 158 N.Y. 458, 53 N.E. 216, 218 (1899) ("the facts presumed to have been found by the referee relating to the latent ambiguity, so raised and solved by the parol evidence as to show that the parties intended, by the expression used, to include both branches of the stream"); *Weniger v. Ripley,* 134 Or. 265, 293 P. 425, 427 (1930) ("question for decision, therefore, is whether the words 'the main channel' employed in both deeds should be interpreted to mean the north channel or the south one.... The situation aforementioned discloses a latent ambiguity [warranting] the reception of parol evidence"); *Summerfield v. White,*

54 W.Va. 311, 46 S.E. 154, 156 (1903) ("the interpretation of the deed by the court would necessarily involve the consideration of the latent ambiguity arising from the fact that there are two Dry Fork rivers, or, rather, two distinct and separate channels of the Dry Fork river").

Given two possible boundary lines, the record contains competent evidence of two plausible, but contradictory, accounts of the essential facts. *See Amusement Centers, Inc. v. City of Lake Ozark*, 271 S.W.3d 18, 19 (Mo.App.2008). To resolve the latent ambiguities in these deeds, the trier of fact will be required to hear parol evidence concerning the parties' intent, as well as the surrounding circumstances and conditions, to decide what real property was intended to be conveyed. *See Penrod*, 706 S.W.2d at 540; *Bass Pro*, 965 S.W.2d at 893. Because there are genuine issues of material fact concerning the parties' intentions, it was error for the trial court to grant summary judgment in favor of the Geigles. *See Amusement Centers*, 271 S.W.3d at 22. "Summary judgment is particularly inappropriate when the underlying issue is one of state of mind, motivation, intent or some other subjective fact." *Barekman v. City of Republic*, 232 S.W.3d 675, 682 (Mo.App.2007); *Amusement Centers*, 271 S.W.3d at 22. Point I is granted.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

DANIEL E. SCOTT, P.J., and DON E. BURRELL, C.J., concur.