George MEYERS and Judith Meyers, Plaintiffs-Appellants,

v.

Charles KENDRICK and Kacie Kendrick, and People's Community Bank, Defendants-Respondents.

No. SD 34777

Missouri Court of Appeals, Southern District, Division One.

Filed September 27, 2017

Attorney for Appellants: John P. Clubb, THE CLUBB LAW FIRM, LLC, Cape Girardeau, Missouri.

Attorneys for Respondents Kendrick: C. Wade Pierce and Ressie L. Thomas, DUNCAN & PIERCE, Poplar Bluff, Missouri.

Attorneys for Respondent People's Community Bank: Ted R. Osburn and Ross D. McFerron, OSBURN, HINE & YATES, L.L.C., Cape Girardeau, Missouri.

GARY W. LYNCH, J.

George and Judith Meyers ("the Meyerses"), husband and wife, sued Charles and Kacie Kendrick ("the Kendricks"), husband and wife, and People's Community Bank ("Bank") in a three-count petition.

Count One sought relief against the Kendricks for statutory and equitable redemption of the Meyerses' foreclosed residence, Count Two sought relief against Bank for statutory and equitable redemption of that residence, and Count Three sought relief against Bank for a violation of the Missouri Merchandising Practices Act (MMPA).[1] The trial court dismissed the redemption counts against both the Kendricks and Bank for failure to state a claim upon which relief could be granted and entered summary judgment in favor of Bank on the MMPA count. On appeal, the Meyerses argue in two points that the trial court erred in granting Bank's motion to dismiss their redemption claims and Bank's motion for summary judgment on the MMPA claim. Finding that the Meyerses' first point is moot and their second is without merit, we affirm the trial court's judgment.

### Factual and Procedural Background

The Meyerses' petition contained three counts. In allegations common to all counts, the Meyerses alleged that they granted a deed of trust on their residence to a trustee in favor of Bank to secure the payment of a promissory note owed to Bank, that the trustee under the deed of trust held a foreclosure sale and Bank bought the residence at that sale, and that on the same day Bank sold the residence to the Kendricks. Count One of the petition pertained solely to the Kendricks and claimed that the Meyerses had both statu-

tory and equitable rights of redemption superior to the Kendricks' rights as purchasers of the residence from Bank following the foreclosure. Count Two pertained solely to Bank and claimed that the Meyerses had statutory and equitable rights of redemption in the residence. Count Three pertained solely to Bank and alleged a violation of the MMPA. Bank's answer pleaded as an affirmative defense that it was exempt from MMPA requirements.

The Kendricks and Bank filed separate motions to dismiss. The trial court granted both motions as to Counts One and Two, but denied Bank's motion as to Count Three.

Bank then moved for summary judgment on Count Three "because the [MMPA] does not apply to [Bank] in that [Bank] is an entity subject to chartering and regulation by the director of the Missouri Division of Finance under chapters 361 to 369." The Meyerses admitted as an uncontroverted material fact that Bank "has at all times, from its incorporation on March 24, 1976 and through the present, been a bank organized, existing, and operating under and pursuant to chapter 362 of the Missouri Revised Statutes."

The trial court granted Bank summary judgment on Count Three concluding that the MMPA does not apply to certain financial institutions and Bank is such an institution. The Meyerses timely appeal.[2]

---

1. Sections 407.010 to 407.309, RSMo 2000.

2. The trial court's order and judgement did not designate whether the dismissal of Courts One and Two were with or without prejudice. Rule 67.03 provides that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Because the trial court did not otherwise specify in its dismissal order or judgment, therefore, the dismissal was without prejudice. Although "[t]he general rule is

that a dismissal without prejudice is not a final judgment and, therefore, is not appealable[,]" *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997), there are exceptions to this "general rule" for instances where, as here, "the party elects not to plead further[.]" *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991). The judgment is final because the Meyerses' decision to stand on their first amended petition as filed and to

## Kendricks's Motion to Dismiss Appeal is Granted

The Kendricks filed a motion to dismiss the Meyerses' appeal stating that "[the Meyerses] fail to allege any error on the part of the circuit court by granting [the Kendricks'] Motion to Dismiss [the Meyerses'] claim for statutory and/or equitable redemption." We agree. Although the Meyerses listed the Kendricks as respondents in their notice of appeal, the Meyerses do not challenge in any point relied on in their brief any trial court ruling in favor of the Kendricks. For this reason, the Kendricks' motion to dismiss is granted and the appeal, as to them, is dismissed.

## Point One is Moot

The Meyerses' first point relied on states:

The circuit court erred by granting [ ] Bank's Motion to Dismiss the [Meyerses'] claims for statutory and/or equitable redemption of [the Meyerses'] home for failure to state a claim because [the Meyerses] adequately stated a cause of action for statutory or equitable redemption under sections 443.410 and 443.420, RSMo., in that [the Meyerses'] pled [sic] that they provided notice to the Bank, that the Bank was the purchaser at the sale and was holder of the debt, that [the Meyerses] deposited sufficient sums with the circuit court to cover the sales price and all debts and other costs, and that the Bank engaged in unfairness and/or irregularity with the sale.

■ Before we can consider the merits of this point, however, we must first address whether it presents a justiciable controversy.

appeal, rather than bring another action, estops the Meyerses from bringing another action in the future for the same cause. *Hasemeier v. Smith*, 361 S.W.2d 697, 699 (Mo. banc

A threshold question in any appellate review of a controversy is the mootness of the controversy. Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte*....

In terms of justiciability, a cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction. When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed.

*State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (internal citations and quotations omitted).

■ The Meyerses argue trial court error in the grant of Bank's motion to dismiss their redemption claims. The Kendricks, however, also filed a motion to dismiss the redemption claims as to them that the trial court granted. As noted above, the Meyerses have not challenged in this appeal the trial court's grant of the Kendricks' motion to dismiss. Therefore, that dismissal is final and the Kendricks own the residence free and clear of any claim by the Meyerses for redemption.

■ Redemption is remedial; the remedy is restoration of title. *State ex rel. LeFevre v. Stubbs*, 642 S.W.2d 103, 106 (Mo. banc 1982); *Greene v. Spitzer*, 343 Mo. 751, 123 S.W.2d 57, 62 (1938). Where the remedy cannot be accomplished, the controversy is moot in that we cannot

1962); *see also Naylor Senior Citizens Hous., LP v. Side Constr. Co.*, 423 S.W.3d 238, 242–43 (Mo. banc 2014).

grant effective relief. *Euclid Terrace Corp. v. Golterman Enters., Inc.*, 327 S.W.2d 542, 544–45 (Mo.App. 1959).

In their redemption claims against Bank, the Meyerses sought only the restoration of their title to the residence. Bank, however, cannot restore the Meyerses' title to the residence, as prayed for in the petition, because, as explained above, it is now owned by the Kendricks free and clear of any redemption claims by the Meyerses. Because granting effectual relief against Bank is now impossible, any decision upon the merits of the Meyerses' first point is moot and it should be dismissed. *Reed*, 41 S.W.3d at 473. The Meyerses' first point is dismissed.

### Bank Entitled to Judgment as a Matter of Law on MMPA Claim

The Meyerses' second point relied on states:

> The circuit court erred by granting [ ] Bank's Motion for Summary Judgment because this was a misapplication of Missouri case law and section 402.020.2(2), RSMo. in that section 407.025.1, RSMo. gives [the Meyerses] a private cause of action under Chapter 407 against [ ] Bank.

### Standard of Review

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (internal citations omitted). Here, judgment was entered against the Meyerses. Therefore, we view the record in the light most favorable to them and, as the non-movants, accord them the benefit of all reasonable inferences. *Id.*

"The language of Rule 74.04 establishes the boundaries of Missouri's summary judgment practice."[3] *Id.* at 380. " 'Because the underlying purpose of Rule 74.04 is directed toward helping the court expedite the disposition of [the] case, compliance with the rule is mandatory.' " *Pub. Sch. Ret. Sys. of Mo. v. Taveau*, 316 S.W.3d 338, 343 (Mo.App. 2010) (quoting *State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 908 (Mo.App. 2009)).

Under that rule, the first inquiry is the identification of the movant and whether the movant is a "claimant," *see* Rule 74.04(a), or a "defending party," *see* Rule 74.04(b). Here, Bank is the movant and the "defending party."

The second inquiry is whether the movant's motion for summary judgment properly pleads all of the elements as detailed in Rule 74.04(c)(1). *See ITT Commercial Fin. Corp.*, 854 S.W.2d at 380. As

**3.** References to rules are to Missouri Court Rules (2017).

the defending party, summary judgment is established where Bank shows:

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.*

■ This Rule 74.04(c)(1) inquiry focuses only upon the movant's summary judgment motion and its required elements. *See ITT Commercial Fin. Corp.*, 854 S.W.2d at 381 (what the non-movant has said or done is irrelevant at this stage in the proceedings). If the movant's motion fully complies with the requirements of Rule 74.01(c)(1) and the movant's stated material facts, to which movant claims there is no genuine issue, support the movant's right to judgment as a matter of law, then the movant has made what our supreme court has described as a "prima facie showing" of a right to summary judgment. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 380-81.

■ The third and final inquiry[4] occurs only when the movant has made "a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law[.]" *Id.* at 381. At that point, the burden shifts to the non-movant to show that "one or more of the material facts shown by the movant to be above any

genuine dispute is, in fact, genuinely disputed." *Id.* "To put a fact in 'genuine dispute,' the non-movant may not rely on a general denial, but, instead, must support that denial with 'specific references to the discovery, exhibits or affidavits that demonstrate the specific facts showing that there is a genuine issue for trial.'" *Reverse Mortgage Sols., Inc. v. Estate of Hunter*, 479 S.W.3d 662, 666 (Mo.App. 2015) (citing and quoting *Pub. Sch. Ret. Sys. of Mo.*, 316 S.W.3d at 346) (citing Rule 74.04(c)(2)). "A 'genuine issue' that will prevent summary judgment exists where the record shows two plausible but contradictory accounts of the essential facts." *Wallingsford v. City of Maplewood*, 287 S.W.3d 682, 685 (Mo. banc 2009).

### Discussion

Bank sought to establish a prima facie showing of a right to summary judgment by showing "that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense. [.]" *ITT Commercial Fin. Corp.*, 854 S.W.2d at 380. Bank did so by establishing as uncontroverted material fact its status as a financial institution chartered, licensed and regulated by the director of the division of finance under Chapter 362 and then arguing that this status entitled it to judgment as a matter of law because it is exempt from the MMPA.

On appeal, the Meyerses do not contest the uncontroverted factual basis establishing that Bank is a financial institution subject to Chapter 362. Rather, the Meyerses claim that Bank failed to make a prima

---

4. This paragraph is included for completeness, but is not addressed in our discussion or required for our analysis of the Meyerses' point because the Meyerses do not claim that a genuine dispute exists as to any material

fact. Rather, they only challenge on appeal Bank's right to judgment as a matter of law based upon the uncontroverted material facts as developed in the summary judgment record.

facie showing of a right to judgment as a matter of law because such financial institutions are not exempt from the MMPA.

The MMPA, in relevant part, provides: 1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. ... 2. Nothing contained in this section shall apply to:

. . .

(2) Any institution, company, or entity that is subject to chartering, licensing, or regulation by the ... director of the division of finance under chapters 361 to 369, or chapter 371, unless such directors specifically authorize the attorney general to implement the powers of this chapter or such powers are provided ed to either the attorney general or a private citizen by statute.

Section 407.020.1 and .2(2), RSMo Supp. (2014).

Bank contends that it is exempt from the provisions of section 407.020 because subsection two of that section provides that nothing contained in section 407.020 applies to "any institution ... that is subject to chartering, licensing, or regulation by the ... director of the division of finance under chapters 361 to 369[.]"

The Meyerses, on the other hand, do not challenge the factual application of that exemption language to Bank, but rather, assert that the internal exception following the exemption language in the last phrase of section 407.020.2(2)—"unless such directors specifically authorize the attorney general to implement the powers of this chapter or *such powers are provided to* either the attorney general or *a private citizen by statute*" (emphasis added)—negates the preceding exemption language because private citizens are given the right to implement the powers of chapter 407 by section 407.025. That latter section provides:

Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice *declared unlawful by section 407.020*, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

Section 407.025.1, RSMo 2000 (emphasis added).

Bank counters that section 407.025 only authorizes suit by a private citizen under the MMPA when the actions taken by the seller are "declared unlawful by section

407.020." It argues that because section 407.020.2(2) expressly provides that nothing in section 407.020 applies to a financial institution subject to Chapter 362, its alleged actions in the Meyers' petition are not declared unlawful by section 407.020 and, therefore, section 407.025 does not provide a private right of action as to it.

"'If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then we are bound by that intent and cannot resort to any statutory construction in interpreting the statute.'" *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 455 (Mo. banc 2011) (quoting *Scott v. Blue Springs Ford Sales, Inc.*, 215 S.W.3d 145, 166 (Mo.App. 2006)).

When read together, the legislature's intent as to sections 407.020 and 407.025 is clear and unambiguous. Bank's analysis is correct. Section 407.025 only grants a private right of action for "the use or employment by another person of a method, act or practice *declared unlawful by section 407.020.*" Section 407.025.1 (emphasis added). By the express terms of section 407.020, however, nothing in that section applies to an institution, such as Bank, that is chartered, licensed or regulated by the director of the division of finance under chapter 362. Section 407.020.2(2).

The Meyerses' contrary reading of these two sections ignores and contradicts the clear and plain language used in both sections 407.020 and 407.025. First, it requires acceptance of the absurd conclusion that the legislature intended for the exemption from the application of section 407.020 provided in section 407.020.2(2) to be completely subsumed and eliminated by the last exception to that exemption through the application of section 407.025.1. Second, it completely ignores the cross reference language to section 407.020 in section 407.025.1. Such a reading, therefore, renders both the initial exemption language in section 407.020.2(2) and the cross reference language in section 407.025.1 superfluous and meaningless. The Meyerses cite us to no relevant legal authority that allows us to engage in such a strained reading of these statutes to find lack of clarity or an ambiguity in the clear and unambiguous language actually used by the legislature in these statutes.[5]

Because the uncontroverted material facts demonstrate that Bank was entitled to judgment as a matter of law on the Meyerses' MMPA claim in Count Three of their petition, the Meyerses' second point is denied.

### Decision

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, P.J.—concurs

DON E. BURRELL, JR., J.—concurs

---

5. Indeed, were we to so find and then resort to the rules of statutory construction to resolve it, accepting the Meyerses' construction of these two statutes would be contrary to the well-established rule of statutory interpretation that "'[w]e should not interpret statutes in a way which will render some of their phrases to be mere surplusage.'" *Knob Noster Educ. v. Knob Noster R-VIII Sch. Dist.*, 101 S.W.3d 356, 363 (Mo.App. 2003) (quoting *State ex rel. Mo. Local Gov't. Ret. Sys. v. Bill*, 935 S.W.2d 659, 666 (Mo.App. 1996)).