JEFFREY W. BATES, P.J.
The trial court granted summary judgment in favor of Taney County (the County) and against Greg and Stephanie Smith (the Smiths) in their action to declare a "nightly rental" zoning ordinance invalid. Because the County failed to make a prima facie showing that it was entitled to judgment as a matter of law, we reverse *748 and remand for further proceedings consistent with this opinion.
Factual and Procedural Background
In 2012, the Taney County prosecutor filed class A misdemeanor criminal charges against the Smiths, alleging that they had violated the Taney County Development Guidance Code (Code) between March and August 2012 by operating a "nightly rental" without acquiring the proper special use permit. According to the County, the nightly rental regulation (Regulation) in § 4.7 of Appendix E to the Code was adopted by amendment on May 29, 2009 (Amendment). The Regulation made the lease of a home for a term less than 30 days different from an ordinary residential use, requiring a "Division III 'Special Use' permit" from the Taney County Planning Commission (the Commission).
Thereafter, the Smiths filed a two-count declaratory judgment action challenging the validity of the Code (Count 1) and the Amendment (Count 2).[1] The Smiths' petition alleged that the Code and the Amendment were "ultra vires and void" and "unenforceable" because:
1. With respect to the Code, the County failed to satisfy "the required statutory prerequisites to adopting a master plan" by, inter alia , "holding a public hearing and providing sufficient public notice" as required by Chapter 64.
2. With respect to the Amendment, the County failed to: (a) "keep an accurate record of the orders, rules and proceedings of the county commission" pursuant to § 51.120; and (b) record "a 'yea' or 'nay' vote of each county commissioner [that] must appear in the minutes" showing a "favorable vote of two-thirds of all members of the county commission" as required by § 610.015 and § 64.875.[2]
These allegations were denied in the County's answer.
After extensive discovery, the Smiths filed a motion for summary judgment. Their motion, statements of uncontroverted material fact, and attachments (totaling over 2,500 pages) are contained in 23 volumes of the legal file in this appeal.
The County filed an initial motion for summary judgment, but it was withdrawn. Two days later, the County filed a one-page "Second Motion for Summary Judgment" (hereinafter referred to as the County's motion for summary judgment). The stated legal basis for the County's motion for summary judgment was that the Code "is presumed valid." The County's "Statement of Uncontroverted Material Fact" consisted of only one paragraph identifying an exhibit, Exhibit A, as "[a] copy of the present [Code]." The first page of the exhibit included a "Certificate of True Copy" signed by County Clerk Donna Neeley, stating:
I, Donna Neeley, County Clerk in and for said Taney County, do hereby certify that this is a copy of the Taney County Development Guidance Code dated of 13th of November 1984 with amendments dated September 8, 2008; November 30, 2009; January 1, 2011; March 15, 2012; May 21, 2012; July 19, 2012; February 11, 2013; March 21, 2013.
IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said County Clerk at my office in *749 Forsyth, Missouri, the 21st day of January 2016.
Neely's Certificate does not identify any amendment to the Code occurring on May 29, 2009, which is the date the County alleged that the Amendment and Regulation were adopted.[3] The second page of Exhibit A was an affidavit of Robert Atchley, who also purported to authenticate the Code as the Commission's custodian of records.
The trial court granted the County's motion for summary judgment and denied the Smiths' motion for summary judgment. In the judgment, the trial court declared "that the Taney County Development Guidance Code was enacted validly by the Taney County Commission on November 13, 1984; and that the Nightly Rental regulation, Section 4.7 of the Taney County Development Guidance Code, was enacted validly by the Taney County Commission on May 29, 2009." This appeal followed.
Standard of Review
A summary judgment can only be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); McLallen v. Tillman , 386 S.W.3d 837, 839 (Mo. App. 2012). "A motion for summary judgment shall summarily state the legal basis for the motion." Rule 74.04(c)(1).
"Our review is de novo using the same criteria the trial court should have employed without deference to that court's decision." Lackey v. Iberia R-V Sch. Dist. , 487 S.W.3d 57, 58 (Mo. App. 2016) ; see also ITT Commercial Finance Corp. v. Mid-Am. Marine Supply Corp. , 854 S.W.2d 371, 376 (Mo. banc 1993). "Appellate review is based upon the record submitted to the trial court." McLallen , 386 S.W.3d at 839. We view the record in the light most favorable to the party against whom judgment was entered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record. ITT , 854 S.W.2d at 376.
"The language of Rule 74.04 establishes the boundaries of Missouri's summary judgment practice." ITT , 854 S.W.2d at 380. "Because the underlying purpose of Rule 74.04 is directed toward helping the court expedite the disposition of [the] case, compliance with the rule is mandatory." State ex rel. Nixon v. Hughes , 281 S.W.3d 902, 908 (Mo. App. 2009). We use the following three inquiries to determine compliance with the rule.
The first inquiry is the identification of the movant and whether the movant is a "claimant," under Rule 74.04(a), or a "defending party" under Rule 74.04(b). Here, the County is the movant and the "defending party." See Meyers v. Kendrick , 529 S.W.3d 54, 59 (Mo. App. 2017).
The second inquiry is whether the movant's motion for summary judgment properly pleads all of the elements as detailed in Rule 74.04(c)(1). See ITT , 854 S.W.2d at 380 ; Meyers , 529 S.W.3d at 59. As the defending party, the County can *750 establish a right to summary judgment by showing:
(1) facts that negate any one of the claimant's elements facts,
(2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or
(3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense.
ITT , 854 S.W.2d at 381 (italics in original). This Rule 74.04(c)(1) inquiry focuses only upon the movant's summary judgment motion and its required elements. What the non-movant has said or done is not relevant at this stage of the proceedings. See ITT , 854 S.W.2d at 381 ; Meyers , 529 S.W.3d at 60. "If the movant's motion fully complies with the requirements of Rule 74.01(c)(1) and the movant's stated material facts, to which movant claims there is no genuine issue, support the movant's right to judgment as a matter of law, then the movant has made what our supreme court has described as a 'prima facie showing' of a right to summary judgment." Meyers , 529 S.W.3d at 60 ; see also ITT , 854 S.W.2d at 380-81.
The third and final inquiry occurs only after the movant has made "a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law[.]" ITT , 854 S.W.2d at 381. At that point, the burden shifts to the non-movant to show that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." Id . ; Meyers , 529 S.W.3d at 60.
Discussion and Decision
To grant a declaratory judgment, a trial court must be presented with: (1) a justiciable controversy (i.e., a presently existing, real and substantial controversy admitting of specific relief), as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake; (3) a controversy that is ripe for judicial determination; and (4) an inadequate remedy at law. Missouri Ass'n of Nurse Anesthetists, Inc. v. State Bd. of Registration for Healing Arts , 343 S.W.3d 348, 353-54 (Mo. banc 2011).
As a preliminary matter, we must address whether the Smiths' controversy is ripe for judicial determination because they could raise the invalidity of the ordinance as a defense in any action brought to prosecute them for an alleged ordinance violation. See Alpert v. State , 543 S.W.3d 589, 594-95 (Mo. banc 2018). Even though no criminal proceeding was pending against the Smiths when the trial court entered its judgment, they have a recognized right under Missouri law to seek a determination of their rights in this declaratory judgment action. See id . at 595 (forcing a litigant to wait until he or she is prosecuted puts that person in a dilemma that the Declaratory Judgment Act was designed to ameliorate); Tupper v. City of St. Louis , 468 S.W.3d 360, 368-69 (Mo. banc 2015) (the plaintiffs' challenge to the city's red light camera ordinance was ripe, despite the fact that neither plaintiff was facing prosecution at the time the challenge was raised); Nicolai v. City of St. Louis , 762 S.W.2d 423, 425 (Mo. banc 1988) (plaintiff's challenge to a cat kennel licensing ordinance, prior to being cited with a violation, was ripe for judicial resolution). Therefore, we proceed to the merits of this appeal.
In the Smiths' single point, they contend the trial court erred by granting the County's motion for summary judgment. We agree. The Smiths' two-count *751 petition for declaratory relief alleged that the Code and the Amendment were void and unenforceable because the County failed to: (1) satisfy "the required statutory prerequisites to adopting a master plan" such as "holding a public hearing and providing sufficient public notice" as required by Chapter 64; (2) "keep an accurate record of the orders, rules and proceedings of the county commission" pursuant to § 51.120; and (3) record "a 'yea' or 'nay' vote of each county commissioner [that] must appear in the minutes" showing "a favorable vote of two-thirds of all members of the county commission" as required by § 610.015 and § 64.875.
To establish a prima facie case for summary judgment, the County had to show the Smiths could not prevail on either count of the petition, via one of the three means available to a defending party. See Meyers , 529 S.W.3d at 60. Neither the County's motion nor the trial court's ruling relied upon any of the three affirmative defenses asserted in the County's answer, so those defenses are irrelevant to our analysis. Therefore, the County could not establish a prima facie case for summary judgment unless it showed: (1) facts that negate any one of the elemental facts necessary to each count of the Smiths' claim for declaratory relief; or (2) that the non-movant Smiths, after an adequate period of discovery, would not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the elemental facts for each count of the petition. See id . ; Childress Painting & Associates, Inc. v. John Q. Hammons Hotels Two, L.P. , 106 S.W.3d 558, 563 (Mo. App. 2003) (a defending party cannot obtain summary judgment unless it alleges undisputed facts demonstrating that the plaintiff cannot recover on any pleaded theory); Sloss v. Gerstner , 98 S.W.3d 893, 896 (Mo. App. 2003) (to make a prima facie case for summary judgment, the defending party was required to defeat the plaintiff's action on all three bases pled by employing one of the three means available to a defending party for that purpose); Ashworth v. City of Moberly , 53 S.W.3d 564, 571 (Mo. App. 2001) (to be entitled to summary judgment, the respondent-defending party had to demonstrate, on the undisputed facts alleged and as a matter of law, that the appellants were not entitled to the relief requested on any of the five grounds alleged in their petition for declaratory relief). "It is axiomatic that a plaintiff cannot be denied his or her day in court if the action in question can proceed on any viable theory or ground pled." Sloss , 98 S.W.3d at 896.
The County's motion for summary judgment did not establish a prima facie case for a defending party because it ignored the pleaded bases for relief in the two counts of the Smiths' petition.[4] There was a complete absence of any uncontroverted material facts showing that the County: (1) satisfied the Chapter 64 requirements for adopting a master plan, such as holding public hearings and providing sufficient public notice; (2) complied with § 51.120 by keeping an accurate record of the Commission's orders, rules and proceedings; or (3) kept minutes, as required by § 610.015 and § 64.875, showing each commissioner's "yea" or "nay" votes and whether there was a favorable vote of two-thirds of all Commission members.
The reason the County's motion for summary judgment failed to establish a prima facie case is apparent *752 when we examine the stated legal basis for the motion-that the Code "is presumed valid." According to the County, that evidentiary presumption means the mere exhibition of the Code and Amendment is sufficient to defeat all pleaded theories of recovery in the Smiths' petition. That is incorrect. A review of the Code and Amendment sheds no light whatsoever on whether proper statutory procedures were followed in the enactment of either of them. We recognize that ordinances are presumed valid, but this presumption is rebuttable. Dallen v. City of Kansas City , 822 S.W.2d 429, 434 (Mo. App. 1991). This evidentiary presumption merely allocates the burden of production and persuasion to the challenger. See Coop. Home Care, Inc. v. City of St. Louis , 514 S.W.3d 571, 578 (Mo. banc 2017) (the party challenging the validity of the ordinance carries the burden of proving the municipality exceeded its constitutional or statutory authority); City of St. Charles v. DeVault Mgmt. , 959 S.W.2d 815, 821-22 (Mo. App. 1997) (defendants, who had the burden of going forward with the evidence, presented sufficient testimony and exhibits to rebut the presumption that the city's ordinance was valid). The stated legal basis for the motion amounts to nothing more than a recital of the legal principle that the Smiths must prove their case. While true, that evidentiary presumption sheds no light whatsoever on whether the Smiths can do so.
In sum, the County's motion for summary judgment failed to establish a prima facie case for summary judgment, as required by Rule 74.04(c)(1). Noncompliance with that rule warrants reversal of a trial court's grant of summary judgment. Hargis v. JLB Corp. , 357 S.W.3d 574, 585-86 (Mo. banc 2011). The Smiths' point is granted.
The Smiths also request that we review the denial of their motion for summary judgment on the ground that the "merits are completely intertwined with a grant of summary judgment to the opposing party." See Dhyne v. State Farm Fire & Cas. Co. , 188 S.W.3d 454, 456 n.1 (Mo. banc 2006). We disagree.
The County's motion for summary judgment was defective because it was based upon an incorrect legal premise and an inadequate factual foundation. That motion has virtually nothing in common with the Smiths' motion for summary judgment, which hypothesized hundreds of material facts and spans 23 volumes of the legal file in this case. Given the very narrow basis for our reversal of the judgment, this is not a case in which the parties' competing motions for summary judgment are completely intertwined. See Keystone Mut. Ins. Co. v. Kuntz , 507 S.W.3d 162, 166 (Mo. App. 2016) (declining to review denial of motion because the "two motions for summary judgment involved different legal claims and different operative facts"); Iowa Steel & Wire Co. v. Sheffield Steel Corp. , 227 S.W.3d 549, 558 (Mo. App. 2007) (the motions for summary judgment were not completely intertwined because different factual and legal issues were presented); Jones v. Landmark Leasing, Ltd. , 957 S.W.2d 369, 373 (Mo. App. 1997) (no review of the denial of cross-motion for summary judgment because there was insufficient intertwinement); Kaufman v. Bormaster , 599 S.W.2d 35, 38 (Mo. App. 1980) (the narrow, simple and direct analysis required to decide if the grant of summary judgment was proper was not intertwined with the merits of the denial of the plaintiff's motion). Accordingly, we decline to review the denial of the Smiths' motion for summary judgment.
The trial court's grant of summary judgment to the County is reversed. The cause is remanded for further proceedings consistent with this opinion.
DON E. BURRELL, J.-CONCUR
MARY W. SHEFFIELD, C.J.-CONCUR

Following the filing of the declaratory judgment action, the Taney County prosecutor dismissed the charges against the Smiths without prejudice.

All statutory references are to RSMo (2000). All rule references are to Missouri Court Rules (2017).

Because the County did not make a prima facie case for summary judgment, our decision to reverse need not rest upon the Smiths' response to the County's motion for summary judgment. Relying on discovery responses and other evidence in the case, the Smiths took the position in their response that Exhibit A is not an authentic copy of the Code because: (1) the Code document itself was missing for a number of years; (2) the text of several amendments was also missing, but is now included in the "present" Code; and (3) as noted previously, Neely's Certificate makes no reference to any May 29, 2009 amendment of the Code. On remand, the court will have a chance to consider the Smiths' assertion that there is a genuine issue of material fact about whether Exhibit A is a true and correct copy of the Code and the Amendment.

For example, one allegation in the Smiths' petition is that the Amendment did not receive the favorable vote of two-thirds of the Commission. If proven, that would show the Amendment was not validly enacted. See, e.g. , Braddy v. Zych , 702 S.W.2d 491, 495 (Mo. App. 1985).