Tara L. WARD, et al., Appellants,

v.

**WEST COUNTY MOTOR COMPANY, INC., d/b/a West County BMW, Respondent.**

No. SC 92675.

Supreme Court of Missouri, En Banc.

April 9, 2013.

Modified on Court's Own Motion May 28, 2013.

Mitchell B. Stoddard of Consumer Law Advocates in St. Louis, Douglas M. Ommen, Missouri Attorney General Chris Koster and Brian T. Bear of the attorney general's office in Jefferson City, for Appellants.

Bryan M. Kaemmerer and Brian E. McGovern of McCarthy, Leonard, Kaemmerer LC in St. Louis, for Respondent.

RICHARD B. TEITELMAN, Chief Justice.

Tara L. Ward, Kamal Yassin, Mona Yassin, Matthew F. Toole, Curt S. Zargan, and Larry L. LaBarge (plaintiffs) appeal the judgment of the trial court granting West County Motor Company, Inc. d/b/a West County BMW's (West County) motion to dismiss their claim for violation of the Missouri Merchandising Practices Act. The judgment is affirmed in part and reversed in part.

## I. BACKGROUND

Each plaintiff paid a deposit to West County to secure the purchase of a vehicle. Each plaintiff signed a vehicle buyer's order providing that "ALL DEPOSITS ARE NON REFUNDABLE." All plaintiffs, except LaBarge, allege that West County told them that their deposits were refundable if the purchase was not completed. When plaintiffs decided not to purchase

their vehicles, they were told their deposits would not be refunded. Plaintiffs filed suit against West County for violation of the Missouri Merchandising Practices Act ("MMPA"), section 407.010 *et seq.,*[1] and for conversion.

Plaintiffs alleged that West County engaged in unfair practices in violation of the MMPA by failing to give them a rescission period as required by section 365.070. They also alleged that West County violated the MMPA by:

1. Converting funds or property paid by plaintiffs when it failed to apply them to the purchase or lease of a motor vehicle;

2. Failing to act in good faith when it refused to make like-kind refunds of deposits after the sale or lease had been terminated, and before plaintiffs had taken delivery of a motor vehicle; and

3. Using a liquidated-damages clause in its contracts that was really a disguised penalty provision.

The trial court sustained West County's motion to dismiss the MMPA claims for failure to state a claim upon which relief could be granted. The plaintiffs voluntarily dismissed their common law conversion claim in Count II so they could appeal the judgment.

## II. ANALYSIS

### A. *Standard of Review*

The standard of review for a trial court's grant of a motion to dismiss is de novo. *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008). When this Court reviews the dismissal of a petition for failure to state a claim, the facts contained in the petition are assumed true and construed in favor of the plaintiffs. *Id.* If the petition sets forth any set of facts that,

if proven, would entitle the plaintiffs to relief, then the petition states a claim. *Id.*

### B. *The MMPA*

The MMPA supplements the common law definition of fraud. *State ex rel. Koster v. Professional Debt Management, LLC,* 351 S.W.3d 668, 671 (Mo.App.2011). The MMPA creates an individual cause of action under the MMPA for any person "who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020." Section 407.025.1. Section 407.020 provides that it is unlawful to use any deceptive or unfair practices "in connection with the sale or advertisement of any merchandise in trade or commerce." The transaction at issue in this case falls within the ambit of the MMPA.

The MMPA is drafted broadly and there is no specific definition of deceptive practices contained in the statute. *State ex rel. Koster,* 351 S.W.3d at 672. However, 15 CSR § 60–8.020, promulgated in conjunction with the MMPA, defines "unfair practice" as a practice that either: "1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or 2. Is unethical, oppressive or unscrupulous and (B) presents a risk of, or causes, substantial injury to consumers." Therefore, to state a claim for violation of the MMPA, plaintiffs must allege that they (1) purchased or leased a vehicle from West County; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property as a result of an act declared unlawful by section 407.020.

---

1. All statutory references are to RSMo, 2000.

## C. Section 365.070

■ In Count I, plaintiffs alleged that they purchased an automobile for personal, family or household purposes, and suffered an ascertainable loss of money as a result of an act declared unlawful by the MMPA. One of plaintiffs' allegations was that West County violated the MMPA by not allowing a rescission period as required by section 365.070.4 of the Missouri Motor Vehicle Time Sales Law, section 365.010 *et seq.*

Section 365.070.4 provide in pertinent part:

> The seller shall deliver to the buyer, or mail to him at his address shown on the contract, a copy of the contract signed by the seller. Until the seller does so, a buyer who has not received delivery of the motor vehicle *may rescind his agreement* and receive a refund of all payments made and return of all goods traded in to the seller on account of or in contemplation of the contract, or if the goods cannot be returned, the value thereof. (Emphasis added).

Plaintiffs argue that section 365.070.4 provides a right of rescission in this case because the vehicle buyer's order and attendant deposit was an "agreement" subject to rescission. Plaintiffs assert that West County's failure to permit rescission of the agreement and to return the deposits violated section 365.070.4 and, therefore, constituted an unlawful act under the MMPA.

The plain language of section 365.070.4 requires a seller to deliver a copy of "the contract" to the buyer. Until such delivery, Section 365.070.4 provides the buyer may "rescind his agreement and receive a refund of all payments made and return of all goods traded in to the seller on account of or in contemplation of the contract...." Section 365.020(10) RSMo (Cum.Supp. 2011) defines a "contract" as: "an agree-ment evidencing a retail installment transaction entered into in this state pursuant to which the title to or a lien upon the motor vehicle, which is the subject matter of the retail installment transaction is retained or taken by the seller from the buyer as security for the buyer's obligation."

Plaintiffs concede they did not enter into a retail installment transaction with West County. Plaintiffs assert that use of the term "agreement" instead of "contract" or "retail installment contract" means that the statutory right to rescission applies to transactions other than just retail installment contracts and that section 365.070.4 allows them the right to rescind this "agreement" and obtain a refund of any money paid in contemplation of entering into a retail installment transaction. West County asserts that rescission under section 365.070.4 is unavailable because plaintiffs did not sign a retail installment contract. West County is correct.

Section 365.020(10), provides that "retail installment contract" and "contract" are defined, interchangeable terms that mean an "agreement evidencing a retail installment transaction...." The term "agreement" is not defined in the statute. Although section 365.070.4 refers to the rescission of an "agreement" and not to the rescission of a "contract" or "retail installment contract," it must be noted that the person rescinding the agreement is the "buyer." A "buyer" is "a person who buys a motor vehicle from a retail seller under a retail installment contract." Section 365.020(9). Likewise, a "seller" is also defined as a person who sells a vehicle "under a retail installment contract." Consequently, both the context and language of the statute demonstrate that the legislature drafted section 365.070.4 to apply only to retail installment contracts. West County did not violate section 365.070.4 by declining to return the de-

posits. The trial court did not err in dismissing that portion of plaintiffs' Count I alleging violations of the MMPA based on violations of section 365.070.4.

D. *Plaintiffs stated MMPA claims based on conversion, lack of good faith, and an illegal liquidated damages clause*

■■■ In addition to the claims based on violations of section 365.070.4, plaintiffs also alleged that West County (a) converted their funds, (b) failed to act in good faith and (c) used an unlawful liquidated damages clause in its contract. The claims of conversion and an unlawful liquidated damages clause are established common law claims.[2] Plaintiffs' claim of lack of good faith supported by the definition of "unfair practice" set forth in 15 CSR § 60–8.020, *supra,* and by 15 CSR § 60–8.040, which provides that "[i]t is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith." Thus, plaintiffs' allegations of conversion, unlawful liquidated damages and lack of good faith are sufficient to survive a motion to dismiss because each allegation constitutes an unlawful act that is an "unfair practice" within the meaning of section 407.020. The trial court erred in sustaining West County's motion to dismiss plaintiffs' properly pleaded claims of MMPA violations based on conversion, lack of good faith and an unlawful liquidated damages clause. The judgment is reversed to the extent that it dismisses these claims.

E. *Attorney's Fees*

Prior to submission of this case on appeal, plaintiffs filed a motion with this Court for attorney's fees on appeal. This motion was taken with the case.

The MMPA provides that the trial court may order an "injunction or other equitable relief and reasonable attorney's fees." Section 407.025.2. As such, the MMPA specifically authorizes an award of attorney's fees in order to encourage attorneys to accept MMPA cases and further the statutory purpose of protecting consumers and serving as a deterrent to fraudulent and deceptive merchandising practices.

■■■ Although "appellate courts have the authority to allow and fix the amount of attorney's fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Rosehill Gardens, Inc. v. Luttrell,* 67 S.W.3d 641, 648 (Mo.App.2002). Therefore, consistent with *Berry v. Volkswagen Group of America, Inc.,* 397 S.W.3d 425 (Mo. banc 2013), this Court remands the case to the trial court to determine the appropriate amount of attorney's fees for counsel's appellate work.

### CONCLUSION

The judgment is affirmed in part and reversed in part. The case is remanded for further proceedings.

RUSSELL, BRECKENRIDGE, FISCHER and STITH, JJ., concur.

DRAPER and WILSON, JJ., not participating.

---

**2.** "Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Hunt v. Estate of Hunt,* 348 S.W.3d 103, 113 (Mo.App.2011). Missouri law also provides that liquidated damages clauses are valid and enforceable but penalty clauses are not. *Diffley v. Royal Papers, Inc.,* 948 S.W.2d 244, 246 (Mo.App.1997)