

# Missouri Court of Appeals

## Southern District

### Division Two

WILLARD SCHNURBUSCH )
and CAROL SCHNURBUSCH, )
husband and wife, )
)
    Plaintiffs-Appellants, )
) No. SD34345
vs. ) Filed: January 20, 2017
)
WEST PLAINS REGIONAL )
ANIMAL SHELTER, )
a Missouri not for profit corporation, )
)
    Defendant-Counter Claimant-Respondent, )
)
vs. )
)
WILLARD SCHNURBUSCH, )
CAROL SCHNURBUSCH, )
)
    Respondents-Appellants, )
)
and SCHNURBUSCH LAND SERVICES, INC., )
)
    Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Michael Ligons, Associate Circuit Judge

### AFFIRMED IN PART, REVERSED AND REMANDED IN PART WITH DIRECTIONS

This is an appeal by Willard Schnurbusch and Carol Schnurbusch ("the Schnurbusches"),

and Schnurbusch Land Services, Inc. ("the Corporation"), from the trial court's entry of a "Final

Judgment" in favor of the West Plains Regional Animal Shelter ("the Shelter") and against the Schnurbusches and the Corporation. Finding merit to Point VII of the Schnurbusches' appeal, we reverse and remand.

**Factual and Procedural History**

In 2006, the Schnurbusches and the Corporation filed a four-count petition against the City of West Plains ("the City") and the Shelter in Case No. 09PU-CV00849. The Schnurbusches' third amended petition alleged in Count I that the Shelter was violating the City's zoning laws, and that the City was failing to enforce the zoning laws against the Shelter; Count II alleged that the Shelter was causing a nuisance to the Schnurbusches; Count III requested the court declare the validity of "amended zoning ordinance No. 4080"; and Count IV alleged that the City failed to enforce its municipal code and ordinances against the Shelter, and requested punitive damages. Counts II and IV were dismissed by the trial court. Following trial on Counts I and III, the trial court entered its judgment in favor of the City and the Shelter on both counts.

The Schnurbusches appealed. This Court affirmed the judgment by a Memorandum Decision, and mandate was issued on January 23, 2012. *Schnurbusch v. City of West Plains Missouri*, SD31107 (*Schnurbusch I*).

On January 17, 2012, the Schnurbusches filed a *pro se* four-count petition in Howell County against the Shelter in Case No. 12AL-CC00006.[1] The petition contained similar allegations to those put forward in *Schnurbusch I*.

---

[1] The Corporation was subsequently added as a party.

2

On February 24, 2012, the Shelter filed its answer to the Schnurbusches' petition, and included a three-count counterclaim against the Schnurbusches and the Corporation.[2]

On May 1, 2012, the Schnurbusches and the Corporation filed motions to dismiss the Shelter's counterclaims. The trial court denied these motions.

The Shelter filed a motion to dismiss the Schnurbusches' petition for failure to state a claim on June 15, 2012. The trial court granted the motion. The case then proceeded on the Shelter's counterclaims.

The Schnurbusches filed a *pro se* motion for summary judgment on September 3, 2013. On September 13, 2013, the Shelter filed a motion for sanctions against the Schnurbusches and the Corporation for failure to comply with a discovery order. After a hearing, the trial court granted the Shelter's motion for sanctions and struck the Schnurbusches' motion for summary judgment.

On December 23, 2014, the Schnurbusches filed their "Resubmitted Motion for Summary Judgment." The Shelter filed its "Cross Motion for Summary Judgment" against the Schnurbusches and the Corporation on February 17, 2015. On March 19, 2015, the Corporation, through counsel,[3] filed its response and memorandum of law in opposition to the Shelter's cross motion for summary judgment. On the same day, the Schnurbusches filed a response to the Shelter's cross motion for summary judgment.

On September 21, 2015, the Shelter filed a "Second Motion for Partial Summary Judgment" against the Corporation, to which the Corporation filed no response.

---

[2] Count I of the Shelter's counterclaim was against the Schnurbusches and the Corporation for malicious prosecution in filing a second cause of action; Count II was against the Schnurbusches for malicious prosecution as the claims set forth in the current action were fully adjudicated in Case No. 09PU-CV00849; and Count III was against the Schnurbusches and the Corporation for punitive damages.

[3] Counsel for the Corporation withdrew from representation on September 22, 2015.

3

On October 19, 2015, the trial court entered judgment denying the Schnurbusches' resubmitted motion for summary judgment; sustained the Shelter's cross motion for summary judgment against the Schnurbusches on Count I of its counterclaim on the issue of liability, and reserved ruling on the issue of damages for a later date; sustained the Shelter's motion for summary judgment as to Count II of its counterclaim against the Schnurbusches and entered judgment in the amount of $15,268.75 plus costs; and denied the Shelter's motion for summary judgment against the Corporation.

On November 2, 2015, the Shelter voluntarily dismissed, without prejudice, Count III of its counterclaim.

On November 3, 2015, after a hearing, the trial court entered its "Final Judgment" as to the Shelter's second motion for partial summary judgment against the Corporation, and awarded damages to the Shelter on Counts I and II of its counterclaim. The trial court found the Corporation to be in default for failure to file any responsive pleading to the Shelter's second motion for partial summary judgment. The trial court also found as to Count I of the Shelter's counterclaim, that the Shelter had incurred damages in the form of attorney fees in the amount of $45,112.50 in defense of the lawsuit in Case No. 09PU-CV00849, and entered judgment for that amount against the Schnurbusches and the Corporation, jointly and severally. As to Count II of the Shelter's counterclaim, the trial court incorporated its findings and conclusions set forth in its prior judgment of October 19, 2015, and entered judgment in the amount of $15,268.75 plus costs against the Schnurbusches. The trial court accepted the Shelter's voluntary dismissal of Count III of its counterclaim.

4

On February 25, 2016, the Schnurbusches filed a timely Notice of Appeal asserting twelve points of trial court error.[4]  As eleven of the twelve points fail to present issues for our appeal, we do not recite the substance of their contentions here.[5]  Point VII comes the closest to compliance, and its defects do not impede our review.  For that reason, we review Point VII *ex gratia*.

---

[4] The Schnurbusches appeal only that part of the judgment against the Schnurbusches, and not that part of the judgment against the Corporation.

[5] The Rule 84.04 defects in all the Schnurbusches' points, with the exception of Point VII, are so severe that they inhibit our ability to review them.  The Schnurbusches' statement of facts does not contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument."  Rule 84.04(c).  The purpose of Rule 84.04(c) is to define the scope of the controversy and afford the reviewing court an immediate, accurate, complete, and unbiased understanding of the facts of the case.  **Carden v. City of Rolla**, 290 S.W.3d 728, 730 (Mo.App. S.D. 2009).

The Schnurbusches' brief also wholly fails to set forth points relied on that comply with Rule 84.04(d)(1), which requires that each point:

    (A)  identify the trial court ruling or action that the appellant challenges;
    (B)  state concisely the legal reasons for the appellant's claim of reversible error; and
    (C)  explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

        The point shall be in substantially the following form:  "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

(Emphasis and brackets in original).

Further, the Schnurbusches' Points V, X, XI and XII are multifarious in that they raise multiple legal issues and claims of trial court error.  *See* **Law Offices of Gary Green, P.C. v. Morrissey**, 210 S.W.3d 421, 424 (Mo.App. S.D. 2006).  The Schnurbusches also fail to provide the applicable standard of review, as required by Rule 84.04(e), for Points III, IV, VIII, IX, XI, and XII.  In other points, the Schnurbusches recite standards of review that are inapplicable to the point relied on.

The Schnurbusches' statement of facts substantially relies upon documents inserted into the record on appeal that are not properly before this Court.  The Schnurbusches devote substantial portions of their statement of facts discussing non-appealable rulings and orders issued by the trial court.  Further, the statement of facts provides a conclusory and argumentative discussion of the facts.

"A failure to substantially comply with Rule 84.04 preserves nothing for appellate review."  **Bieri v. Gower**, 157 S.W.3d 264, 267 (Mo.App. S.D. 2005) (internal quotation and citation omitted).

All rule references are to Missouri Court Rules (2016).

Point VII reads:

THE TRIAL COURT ERRED IN SUSTAINING A MOTION FOR THE DISMISSAL OF THE PETITION WHICH WAS FILED BY THE PLAINTIFFS ON JANUARY 17, 2012 IN CASE 12AL-CC00006, WILLARD SCHNURBUSCH AND CAROL SCHNURBUSCH, AS HUSBAND AND WIFE ONLY AND ACTING PRO SE, BECAUSE THEIR PETITION. ON ITS FACE DID IN FACT, PLEAD SUFFICIENT FACTS, ALLOWED BY LAW TO PERMIT THE PLAINTIFFS TO PROCEED ON WITH THEIR FILED ACTION AND ALSO THE MOTION TO DISMISS FILED BY WEST PLAINS REGIONAL ANIMAL SHELTER THROUGH ITS LEGAL COUNSEL, GEORGE CHRYSLER FISHER, JR. ON JUNE 15, 2012 INCLUDED MATTERS OUTSIDE THE PLEADINGS AND THEREFORE THE COURT WAS REQUIRED BY RULE 55.27 (a), TO HAVE TREATED THE MOTION TO DISMISS FILED ON JUNE 15,2012 AS A MOTION FOR SUMMARY JUDGMENT, THEREFORE AN ENTRY OF SUSTAINING THE MOTION DISMISS WAS ERROR BY THE TRIAL COURT[.]

### Standard of Review

The trial court is authorized to rule on a motion for summary judgment "[a]fter the response, reply and any sur-reply have been filed or the deadlines therfor have expired[.]" Rule 74.04(c)(6). The trial court shall enter summary judgment only when the applicable pleadings "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" *Id.*

Our review of the trial court's entry of summary judgment is *de novo*. ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.*

As Rule 74.04 makes clear, each factual statement is what is to be admitted or controverted—the exhibits, affidavits and other attachments are merely support to show that there is a *prima facie* lack of genuine issue as to each stated fact: the statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts. We accept as true facts set out by pleadings, exhibits, affidavits, and other supporting materials unless those facts are effectively controverted by non-movant, but only where the contents (or the foundation for

6

admission) of these supporting materials are properly set out as *facts* pursuant to the requirements of Rule 74.04.

*Metro. Nat'l Bank v. Commonwealth Land Title Ins. Co.*, 456 S.W.3d 61, 67–68 (Mo.App. S.D. 2015) (internal quotations and citations omitted).

### Analysis

Point VII argues that the trial court erred in granting the Shelter's motion to dismiss the Schnurbusches' petition in that the trial court inappropriately considered matters outside the record, and thereby transformed the motion into one for summary judgment.

Rule 55.27(a)(11)(B) allows trial courts to treat a motion to dismiss for failure to state a claim as a motion for summary judgment when the moving party includes matters outside the petition for the court's consideration. While the language of Rule 55.27(a)(11)(B) limits this "conversion" to motions to dismiss for failure to state a claim upon which relief can be granted, our courts have interpreted this rule to allow the conversion of a motion to dismiss into a motion for summary judgment when the motion to dismiss is based on an affirmative defense. *See e.g.*, *Dwyer v. Meramec Venture Assocs., L.L.C.*, 75 S.W.3d 291, 292 n.1 (Mo.App. E.D. 2002); *Snelling v. Southwestern Bell Tel. Co.*, 996 S.W.2d 601, 604 (Mo.App. E.D. 1999).

When the trial court, as here, converts a motion to dismiss into a motion for summary judgment, the trial court must compel adherence to the mandatory dictates of Rule 74.04. The Western District of this Court recently examined this issue in *Energy Creates Energy, LLC v. Heritage Group*, __S.W.3d__, *3-4, 2016 WL 6694972 (Mo.App. W.D. Nov. 15, 2016):

Rule 74.04(c)(1) sets forth the requirements for filing a motion for summary judgment which includes: (1) the filing of a statement of uncontroverted facts stated with particularity and in numbered paragraphs, (2) the attachment of a copy of all discovery, exhibits or affidavits on which the motion relies, and (3) the filing of a separate legal memorandum explaining why summary judgment should be granted. The rule further requires a response, to be filed within thirty days, that sets forth each statement of fact in its original paragraph number and immediately

7

thereunder admit or deny each of movant's factual statements. The rule prohibits a denial from resting upon the mere allegations or denials of the party's pleading but rather requires the response to support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial. The respondent is also allowed to set forth additional material facts that remain in dispute.

These procedural requirements are not to be taken as idle suggestions. The underlying purpose of Rule 74.04 is directed toward helping the court expedite the disposition of the case. Because of this fact, compliance with the rule is mandatory. Summary judgment is based on the underlying predicate that, where the facts are not in dispute, a prevailing party can be determined as a matter of law. The procedures of Rule 74.04 were developed to establish a step-by-step method by which such cases can be identified and resolved. The failure of the parties to adhere to the text of the rule robs it of its usefulness. It is not the function of the circuit court or appellate court to sift through a voluminous record in an attempt to determine the basis for the motion. Rather, a motion for summary judgment is required to follow a specific format in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes. Such rationale is equally applicable to a motion to dismiss that has been converted to a motion for summary judgment.

*Id.* at *3–4 (internal quotations and citations omitted) (internal footnote omitted). We agree with the well-reasoned analysis of the Western District—a motion to dismiss, converted by the trial court into a motion for summary judgment, must comply with the procedural strictures of Rule 74.04.[6]

Here, the Shelter filed its motion to dismiss the Schnurbusches' third amended petition on June 15, 2012, arguing that the petition "fail[ed] to state a claim in that said suit violates the doctrine of res judicata, the rule against splitting causes of action[,] and collateral estoppel[.]" The motion relied on extrinsic materials, as admitted by the Shelter, which were attached to the motion to dismiss as exhibits; namely, the Schnurbusches' third amended petition from Case No. 09PU-

---

[6] *See* **Berger v. Emerson Climate Technologies**, __S.W.3d__, *4 n.4, 2016 WL 5815833 (Mo.App. S.D. Oct. 5, 2016) ("a motion to dismiss may be converted to a summary judgment motion and then uncontroverted facts outside the petition's allegations may be considered, *if* the proper procedure is followed.") (emphasis in original).

CV00849, the judgment from the same case, and the memorandum decision of this Court in *Schnurbusch I*.

The trial court, by relying on these extrinsic materials in granting the Shelter's motion to dismiss on November 26, 2012, transformed the motion to dismiss into a motion for summary judgment. However, the record does not reflect that the trial court compelled the parties to comply with the procedural strictures of Rule 74.04, as Rule 55.27(a) requires. For instance, there is no statement of uncontroverted material facts, nor is there a separate legal memorandum explaining why summary judgment should be granted. It is also not clear whether the Schnurbusches were granted the opportunity to set forth additional material facts that remained in dispute. The record does not demonstrate the "step-by-step" method by which cases are to be resolved in summary judgment. *ITT Commercial Finance Corp.*, 854 S.W.2d at 376.

The trial court considered matters outside the pleadings in evaluating the Shelter's motion to dismiss, and there is no proper Rule 74.04 record for our review on appeal. As a result, we reverse and remand the trial court's judgment granting Shelter's motion to dismiss the Schnurbusches' petition for further proceedings consistent with this opinion. The trial court's judgment is affirmed in all other respects.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS