WILLIAM W. FRANCIS, JR., J.
Cynthia J. Underwood ("Underwood") appeals the trial court's judgment dismissing her first amended petition, pursuant to motions to dismiss filed jointly by Robert W. Nunn and Robert C. Blair ("Nunn and Blair"), and separately by Kahala, LLC ("Kahala") (collectively "Respondents"). On appeal, Underwood asserts the trial court erred in sustaining the motions to dismiss. We reverse and remand for further proceedings consistent with this Opinion.
Facts and Procedural History
The "facts"-for purposes of our review-are the factual averments in Underwood's amended petition. See Ward v. West County Motor Co., Inc. , 403 S.W.3d 82, 84 (Mo. banc 2013). We recite such other facts as are necessary for context.
On November 13, 2013, Underwood, Nunn and Blair formed Kahala. Underwood, Nunn, and Blair were equal members of Kahala,[1] each holding a 33-1/3 percent ownership interest. The parties also executed an "Operating Agreement."
Kahala was the owner of real estate that it leased to American Professional Driver Academy, LLC ("APDA"). Underwood operated and managed APDA. Underwood, Nunn, and Blair were also the sole members of APDA.
On November 6, 2015, Nunn and Blair filed a lawsuit in the Circuit Court of Greene County, entitled Robert W. Nunn and Robert C. Blair v. Cynthia J. Underwood and Kahala, LLC , Case No. 1531-CC01365. In the petition, Nunn and Blair sought judicial dissolution of Kahala, "[i]n accordance with the provisions of Section 347.143.2 RSMo.,"[2] for Underwood's failure "to properly manage and operate APDA[.]" Nunn and Blair asserted they were the holders of "a majority of the membership interests in [Kahala]; and, by reasons thereof, have the authority to *489 make all decisions of [Kahala,]" in reliance on Article II of the Operating Agreement.
The petition also asserted, in part, that: (1) Nunn and Blair had "contributed substantial sums of money toward the acquisition of the assets of [Kahala], but [Underwood] had made no financial contributions, or no substantial contributions toward the acquisition of same[ ]"; (2) Nunn and Blair filed a separate lawsuit in Greene County "to dissolve APDA as a result of the failure of [Underwood] to properly manage and operate APDA[ ]"; (3) if APDA no longer conducted business, then Kahala could "no longer have a tenant or lessee from which to receive rental or lease payments[,]" and it could not pay expenses involved in maintaining the real estate without loans or contributions from Nunn, Blair, and/or Underwood; and (4) it was "not reasonably practical to continue to own and to hold the real property owned by [Kahala], so that [Kahala] should be dissolved under supervision" of the court.
The lawsuit remained pending for 120 days at which time Nunn and Blair voluntarily dismissed the suit.
On June 5, 2017, Underwood filed a four-count "Petition for Judicial Dissolution" against Kahala, Nunn, and Blair. That petition was amended on August 23, 2017. In her "First Amended Petition," Underwood asserted that Nunn and Blair had constructively expelled Underwood as a member of Kahala; barred Underwood from the records and premises of APDA; and withheld Underwood's "distribution of her share of the profits and/or other tax attributes of [Kahala]."
In Count I (Breach of Contract), Underwood asserted that Nunn and Blair breached the Operating Agreement by expelling Underwood as a member on March 6, 2016, without the written consent of all the members; by dissolving Kahala without the withdrawal of any member; by continuing to carry on the business after the purported dissolution; by denying Underwood access to Kahala's books and records; by denying Underwood access to the business premises of Kahala; and by failing to pay Underwood the value of her membership interest. Underwood requested relief by way of judgment against Nunn and Blair, individually, in an undetermined amount equal to her actual damages, plus 9 percent interest from March 6, 2016, through the date of judgment.
In Count II (Tortious Interference with Contract), Underwood asserted Nunn and Blair had caused Kahala to breach and/or terminate its contract with her by filing a lawsuit seeking dissolution of Kahala, dismissing the lawsuit, and then claiming the lawsuit was Underwood's withdrawal from Kahala.[3] Underwood requested relief by way of judgment against Nunn and Blair, individually, in an undetermined amount equal to her actual damages, plus 9 percent interest from March 6, 2016, through the date of judgment, and punitive damages.
In Count III (Breach of Fiduciary Duty), Underwood asserted that Nunn and Blair, as majority members of Kahala, breached their fiduciary duty by expelling Underwood as a member on March 6, 2016, without the written consent of all the members; by continuing to carry on the business after the purported dissolution; by denying Underwood access to Kahala's books and records; by denying Underwood access to the business premises of Kahala;
*490 by failing to pay Underwood the value of her membership interest; and by filing a lawsuit seeking dissolution of Kahala, dismissing the lawsuit, and then claiming the lawsuit was Underwood's withdrawal from Kahala. Underwood requested relief by way of judgment against Nunn and Blair, individually, in an undetermined amount equal to her actual damages, plus 9 percent interest from March 6, 2016, through the date of judgment, and for punitive damages.
In Count IV (Action for Judicial Dissolution), Underwood asserted that Nunn and Blair exceeded the authority conferred upon them by law; carried on, conducted and/or transacted business of Kahala in a fraudulent and/or illegal manner; and abused their powers contrary to public policy of the state of Missouri. Underwood requested relief by way of judgment dissolving Kahala, liquidation of Kahala's assets, and judgment against Nunn and Blair, individually, in an undetermined amount equaling the value of her 33-1/3 percent ownership interest, plus 9 percent interest from March 6, 2016, through the date of judgment.
On September 21, 2017, Nunn and Blair filed a joint motion to dismiss Underwood's First Amended Petition, along with suggestions, asserting Underwood did not have legal capacity to sue, pursuant to Rule 55.27(a)(3),[4] and that Underwood failed to state a claim upon which relief could be granted, pursuant to Rule 55.27(a)(6). In their suggestions in support, Nunn and Blair asserted they had filed a petition on November 6, 2015, requesting judicial dissolution of Kahala due to Underwood's failure to properly operate and manage APDA. Nunn and Blair argued that "120 days after the commencement of the lawsuit discussed above," Underwood "ceased to be a member of [Kahala], and the company was dissolved[,]" pursuant to section 347.123(5).[5] Exhibits A and B (the alleged Nunn and Blair petition, and the alleged Operating Agreement, respectively) were attached to the suggestions.
Nunn and Blair further argued that Article V of the Operating Agreement provided that "[Kahala] is dissolved upon the withdrawal of any member[,]" and that upon dissolution, the company "continues until the winding up of the affairs of the Company is completed and articles of termination have been filed with the Secretary of State."
Nunn and Blair also asserted that Kahala was "in the 'winding up' phase" and that they were "following all Missouri laws and abiding by the Operating Agreement."
Kahala filed a separate motion to dismiss that incorporated the suggestions of Nunn and Blair.
On October 31, 2017, the trial court heard argument on the motions to dismiss, and took the matter under advisement. The trial court requested additional suggestions from the parties.
In their supplemental suggestions, Nunn and Blair again incorporated a copy of *491 their petition filed in Nunn v. Underwood, et al. , Case No. 1531-CC01365, and reiterated some of the same arguments made in their initial suggestions.
Nunn and Blair made additional arguments concerning the effect of section 347.123(5), the language of the Operating Agreement; the Missouri Limited Liability Company Act ("MLLCA"); and Underwood's rights as an "assignee" under section 347.121(3).
Underwood's suggestions in opposition to the motions to dismiss addressed "the issue of the construction and intent of Section 347.123(5)." Underwood argued that the statute "must not be read to provide a nonsensical result[,]" because the "rule of statutory construction, alone, resolves the issue before the Court." Underwood argued that it would be "nonsensical" that the legislature would have intended to allow "any managing member of a limited liability company in Missouri to bring a dissolution action against the company, name the other ... managing members as defendants, seek no relief against any of his/her fellow managing members, and somehow become the sole decision maker on behalf of the company simply by keeping his/her dissolution alive for 120 days[,] and "would also be inconsistent with the statutory duty each managing member owes to all members of a limited liability company[,]" under section 347.088.
The trial court entered its judgment on November 21, 2017, sustaining the motions to dismiss. The trial court found as follows:
COURT REVIEWS FURTHER SUGGESTIONS, CASELAW AND PLEADINGS. AS SUGGESTED, THE COURT MUST PRESUME THE LEGISLATURE INTENDED THE RESULTS OF IT'S WORDS, EVEN IF AN APPARENTLY UNJUST OR INEQUITABLE RESULT COULD OCCUR. AN ACTION IS COMMENCED AGAINST A PARTY UPON THE FILING OF A PETITION, WHICH MUST CONTAIN A SHORT AND PLAIN STATEMENT OF THE FACTS SHOWING ENTITLEMENT TO THE RELIEF SOUGHT, AND, A DEMAND FOR JUDGMENT FOR THAT RELIEF. SEE, RULES 53.01, 55.05 AND FOUST V.FRANCOIS, 913 S.W.2D 38, 46 (MO. APP.E.D. 1995) ("BECAUSE THE SECOND AMENDED PETITION DID NAME RITA FOUST AS A PARTY DEFENDANT AND WAS FILED WITH THE COURT, AND IN LIGHT OF ALL THE CIRCUMSTANCES, THE ACTION WAS 'COMMENCED' AGAINST HER FOR PURPOSES OF SATISFYING THE ELEMENTS OF MALICIOUS PROSECUTION.")
HERE, THE PETITION FILED IN CASE NO 1531-CC01365 NAMED PLAINTIFF AS A DEFENDANT; ASSERTED THAT SHE WAS A MEMBER OF AND FORMED KAHALA, LLC; ALLEGED THAT DUE TO HER FAILURE TO PROPERLY MANAGE AND OPERATE KAHALA'S PRIMARY BUSINESS INTEREST THAT KAHALA SHOULD BE DISSOLVED; AND PRAYED FOR SAID DISSOLUTION. (SEE PARS. 5,6,9,13 & 16 AND PRAYER).
THEREFORE, SAID PETITION CLEARLY SOUGHT RELIEF THAT COULD INFRINGE UPON PLAINTIFF'S RIGHTS AND INTERESTS, AS WELL AS ASSERTED A BREACH OF DUTY ON HER PART. THE COURT IS THUS COMPELLED TO FIND THAT SAID ACTION SEEKING DISSOLUTION WAS INDEED COMMENCED AGAINST HER. IT IS UNDISPUTED THAT IT PENDED FOR AT LEAST 120 DAYS. WHETHER OR NOT LOGICAL OR
*492 EQUITABLE, THE LEGISLATURE HAS DETERMINED SAID CIRCUMSTANCE TO BE AN EVENT OF WITHDRAWAL.
FOR THESE AND THE OTHER REASONS AND AUTHORITIES ADVANCED BY DEFENDANTS, THE COURT IS COMPELLED TO NOW SUSTAIN THEIR MOTION TO DISMISS THE FIRST AMENDED PETITION AND THE SAME IS NOW DISMISSED AT PLAINTIFF'S COST.
This appeal followed. In three points, Underwood asserts the trial court erred in sustaining the motions to dismiss.
Compliance with Rules 55.27(a) and 74.04 is Mandatory
The parties disagree about the type of judgment appealed from, and the scope of the record for our consideration. Underwood argues that she appeals from the trial court's grant of the motions to dismiss, that our standard of review is "de novo," directed "solely" at "the adequacy of the plaintiff's petition[,]" and that we must "not consider matters outside the pleadings." Respondents counter that: "[t]he standard of review is indeed de novo , but Underwood identifies the wrong reason for it-a mistake that affects what this Court may consider."
Respondents argue that Underwood does not appeal from the trial court's grant of a motion to dismiss, but the trial court's grant of summary judgment. Respondents posit that the record before the trial court included their Exhibits A and B, and "Rule 55.27(a) provides that under these circumstances, the motions are treated as motions for summary judgment[.]" Their argument continues: "[t]his rule does not require that the parties put their papers in the format that Rule 74.04 requires for a formal motion for summary judgment, but it simply treats a motion to dismiss and the accompanying matters outside the pleadings as though they were presented as a motion for summary judgment."[6] (Emphasis in original).
*493 In light of these contentions, it is necessary to provide an outline of the principles governing our review, particularly as it relates to Rules 55.27(a) and 74.04.
"The Missouri Constitution vests [the Supreme] Court with authority to establish rules relating to practice, procedure and pleading for all courts. When properly adopted, the rules of court are binding on courts, litigants, and counsel , and it is the court's duty to enforce them ." Dorris v. State , 360 S.W.3d 260, 267 (Mo. banc 2012) (internal quotation and citation omitted) (emphasis added). Rule 74.04 "is not discretionary; it is mandatory and must be followed." Margiotta v. Christian Hosp. Northeast Northwest , 315 S.W.3d 342, 344 (Mo. banc 2010) (emphasis added).[7] Rule 55.27(a) is also not discretionary; it is "mandatory " and must be followed. Platonov v. The Barn, L.P. , 226 S.W.3d 238, 240 (Mo. App. E.D. 2007) (emphasis added). "[T]he trial court must compel adherence to the mandatory dictates" of Rules 55.27(a) and 74.04. Schnurbusch v. West Plains Reg'l Animal Shelter , 507 S.W.3d 675, 680 (Mo. App. S.D. 2017) (emphasis added).[8]
In reviewing a trial court ruling on a Rule 55.27(a) motion to dismiss, the "facts" for purposes of our review are the well-pled averments of fact in the dismissed petition. The averments "are assumed true and construed in favor of the plaintiffs. If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim[,]" and the motion to dismiss must be denied. Ward , 403 S.W.3d at 84.
The trial court (and the reviewing court) cannot consider matters beyond plaintiff's petition,[9] unless Rule 74.04's summary judgment procedures are affirmatively (and properly) invoked and enforced by the trial court. Thus, if the motion to dismiss attempts to incorporate "matters outside the pleadings[,]" the trial court may "exclude[ ]" those extrinsic matters. Rule 55.27(a)(11)(B). If it does not exclude those extrinsic matters, the trial court must "convert[ ] the motion to one for summary judgment" by: (1) "provid[ing] notice that it is doing so[ ]";[10] (2) giving the parties "reasonable opportunity to present all materials made pertinent" by the trial court's invocation of Rule 74.04;[11] and (3) "compel[ling] adherence to the mandatory dictates" of 74.04 procedures for summary judgment.[12]
Thus, if any extrinsic matters are to be considered, they must come into the record as follows:
*494 The party seeking summary judgment must attach 'a statement of uncontroverted material facts stated with particularity in separately numbered paragraphs ' and supported 'with specific references to the pleadings, discovery, exhibits, or affidavits.' Rule 74.04(c)(1) (emphasis added). The responding party must then 'admit or deny each of the movant's factual statements in numbered paragraphs' based on the record. Rule 74.04(c)(1). The response 'may also set forth additional material facts that remain in dispute presented in consecutively numbered paragraphs,' to which the movant must respond with a supplemental statement that controverts each factual assertion from the record. Id. 'A denial may not rest upon the mere allegations or denials of the party's pleading.' Rule 74.04(c)(2). This procedure is not discretionary; it is mandatory and must be followed .
Margiotta , 315 S.W.3d at 344 (bold emphasis added); see Meyers v. Kendrick , 529 S.W.3d 54, 59-60 (Mo. App. S.D. 2017).
If it is unclear whether the trial court converted a motion to dismiss into one for summary judgment,[13] the Supreme Court has outlined at least one bright-line test as to when such conversion has not occurred:
If the trial court [ (1) ] gives no such notice and [ (2) ] the judgment expressly grants the motion to dismiss , this is an affirmative statement that the trial court did not convert the motion and, more importantly, that it did not consider matters outside the pleadings .
Naylor Senior Citizens Housing, LP v. Sides Construction Co., Inc., 423 S.W.3d 238, 241 n.1 (Mo. banc 2014) (emphasis added). Significantly, "[a]ppellate courts are bound by such statements and, as a result, cannot consider extraneous submissions or review decisions the trial court did not make ." Id. (emphasis added).
In other words, in this context, the trial court grants (or denies) either a: (1) Rule 55.27(a) motion to dismiss, or (2) Rule 74.04 motion for summary judgment. The record for our review relates to one form of judgment or the other. There is no middle ground. The trial court's conversion of a motion to dismiss to a motion for summary judgment does not impute "summary judgment lite"-the conversion invokes Rule 74.04, which must be followed and enforced. See Margiotta , 315 S.W.3d at 344 ; Meyers , 529 S.W.3d at 59-60. This is (at least in part) why the proper procedures must be followed, even where no objection is lodged, or where a party (or both parties) participate. "Noncompliance with these requirements is not a matter subject to waiver by a party." Lackey v. Iberia R-V Sch. Dist. , 487 S.W.3d 57, 62 (Mo. App. S.D. 2016).
As relevant here, Respondents' motions to dismiss related to an affirmative defense. "[A]n affirmative defense is a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecutor's claim, even if all the allegations in the complaint are true." Grellner v. Foremost Signature Ins. Co. , 291 S.W.3d 351, 353 (Mo. App. E.D. 2009) (internal quotation and citation omitted). "[A]ffirmative defenses necessarily include *495 facts outside the pleadings." Id. Hence, Respondents' motions to dismiss attempted to incorporate and rely on Exhibits A and B-Nunn and Blair's petition against Underwood, and the Operating Agreement.
Here, as in Naylor , "the trial court gave no notice of conversion, and the judgment grants the motions to dismiss as such." 423 S.W.3d at 241 n.1. The judgment recites that:
COURT REVIEWS FURTHER SUGGESTIONS, CASELAW AND PLEADINGS. AS SUGGESTED, THE COURT MUST PRESUME THE LEGISLATURE INTENDED THE RESULTS OF IT'S WORDS, EVEN IF AN APPARENTLY UNJUST OR INEQUITABLE RESULT COULD OCCUR. AN ACTION IS COMMENCED AGAINST A PARTY UPON THE FILING OF A PETITION, WHICH MUST CONTAIN A SHORT AND PLAIN STATEMENT OF THE FACTS SHOWING ENTITLEMENT TO THE RELIEF SOUGHT, AND, A DEMAND FOR JUDGMENT FOR THAT RELIEF. SEE, RULES 53.01, 55.05 AND FOUST V. FRANCOIS, 913 S.W.2D 38, 46 (MO. APP.E.D. 1995) ("BECAUSE THE SECOND AMENDED PETITION DID NAME RITA FOUST AS A PARTY DEFENDANT AND WAS FILED WITH THE COURT, AND IN LIGHT OF ALL THE CIRCUMSTANCES, THE ACTION WAS 'COMMENCED' AGAINST HER FOR PURPOSES OF SATISFYING THE ELEMENTS OF MALICIOUS PROSECUTION.")
HERE, THE PETITION FILED IN CASE NO 1531-CC01365 NAMED PLAINTIFF AS A DEFENDANT; ASSERTED THAT SHE WAS A MEMBER OF AND FORMED KAHALA, LLC; ALLEGED THAT DUE TO HER FAILURE TO PROPERLY MANAGE AND OPERATE KAHALA'S PRIMARY BUSINESS INTEREST THAT KAHALA SHOULD BE DISSOLVED; AND PRAYED FOR SAID DISSOLUTION . (SEE PARS. 5,6,9,13 & 16 AND PRAYER).
THEREFORE, SAID PETITION CLEARLY SOUGHT RELIEF THAT COULD INFRINGE UPON PLAINTIFF'S RIGHTS AND INTERESTS, AS WELL AS ASSERTED A BREACH OF DUTY ON HER PART. THE COURT IS THUS COMPELLED TO FIND THAT SAID ACTION SEEKING DISSOLUTION WAS INDEED COMMENCED AGAINST HER. IT IS UNDISPUTED THAT IT PENDED FOR AT LEAST 120 DAYS. WHETHER OR NOT LOGICAL OR EQUITABLE, THE LEGISLATURE HAS DETERMINED SAID CIRCUMSTANCE TO BE AN EVENT OF WITHDRAWAL.
FOR THESE AND THE OTHER REASONS AND AUTHORITIES ADVANCED BY DEFENDANTS, THE COURT IS COMPELLED TO NOW SUSTAIN THEIR MOTION TO DISMISS THE FIRST AMENDED PETITION AND THE SAME IS NOW DISMISSED AT PLAINTIFF'S COST.
FOR THESE AND THE OTHER REASONS AND AUTHORITIES ADVANCED BY DEFENDANTS, THE COURT IS COMPELLED TO NOW SUSTAIN THEIR MOTION TO DISMISS THE FIRST AMENDED PETITION AND THE SAME IS NOW DISMISSED [.]
(Emphasis added). "[T]he trial court did not convert the motion[,]" and we are "bound" to that conclusion. Naylor , 423 S.W.3d at 241 n.1. "[T]he relevant facts of this appeal are admitted" based on the fact averments in Underwood's First Amended *496 Petition; extrinsic "justifications or explanations cannot change the legal effect of those facts." Id.
As relevant to Nunn and Blair's petition (implicitly referenced and relied upon in the trial court's judgment), the general rule is that a court may take judicial notice of its own files:
A court may take judicial notice of its own records in prior proceedings that are between the same parties and are concerned with the same basic facts involving the same general claims for relief, a court will not generally take judicial notice of records and facts in one action while deciding another action with different parties and different issues.
In the Interest of A.C.G. , 499 S.W.3d 340, 346 (Mo. App. W.D. 2016). The "files" or "records" must be "in the court's file[,]" and thereby available "to the trial court for its perusal." Curry Investment Company v. Santilli , 494 S.W.3d 18, 27 (Mo. App. W.D. 2016). "[U]nder circumstances where a trial court, on its own motion, ... take[s] judicial notice of its records in another case, ... the court should disclose on the record the precise matters so considered." In re J.M. , 328 S.W.3d 466, 469 (Mo. App. E.D. 2010). Judicial notice, in this context, generally contemplates "an affirmative ruling by the trial court," and not facts which are "automatically deemed admitted by operation of law[.]" Curry , 494 S.W.3d at 27 n.6.
Judicial notice of a court's own files, even where affirmatively made on the record, does not put such files into the Rule 55.27(a) record. A "motion to dismiss for failure to state a claim upon which relief can be granted, by referring to material not in the pleadings, such as a prior judgment, becomes in effect a motion for summary judgment." Peters v. Jackson County Sheriff , 543 S.W.3d 85, 87 (Mo. App. W.D. 2018) (internal quotation and citation omitted). "Under Rule 55.27(a), when the ... pleadings from another case are presented to and not excluded by the court, a motion to dismiss ... should be treated as one for summary judgment." Stegner v. Milligan , 523 S.W.3d 538, 541 (Mo. App. W.D. 2017) (internal quotations and citations omitted). See Schnurbusch , 507 S.W.3d at 680 ; Dunn v. Bd. of Curators of Univ. of Mo. , 413 S.W.3d 375, 376 (Mo. App. E.D. 2013).
Respondents point to the presence of facts outside the record in Underwood's brief, impliedly suggesting she has ceded the issue. It bears repeating: Rules 55.27(a) and 74.04 are mandatory and not "subject to waiver." Lackey , 487 S.W.3d at 62. Underwood's reliance on materials outside our consideration cannot change the kind of judgment the trial court issued, or the record dictated by our standard of review.
The trial court's judgment relied on materials outside the pleadings in granting the motions to dismiss. Tellingly, Respondents' brief explicitly relies on these extrinsic materials in arguing that the judgment should be affirmed. In the absence of such extrinsic materials, the factual averments in Underwood's First Amended Petition were sufficient to state a claim, and therefore survive a Rule 55.27(a) motion to dismiss.
Our rules and case law recognize that a trial court's function naturally involves a degree of ad hoc decision making. The watchword of this natural function is "trial court discretion"-where appropriate and authorized, a trial court's exercise of its discretion will not be disturbed on appeal.
It was mandatory for the trial court to apply Rules 55.27(a) and 74.04. It failed to do so. We reverse and remand for further proceedings consistent with this Opinion.
NANCY STEFFEN RAHMEYER, C.J./P.J.-Concurs
DANIEL E. SCOTT, J.-Concurs

The name of the limited liability company appears in the record as both "Kahala, LLC," and "KAHALA, LLC." The Certificate of Organization issued by the Missouri Secretary of State shows the correct name to be "Kahala, LLC."

Section 347.143.2 reads:
On application by or for a member, the circuit court for the county in which the registered office of the limited liability company is located may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the operating agreement.

Underwood did not attach the Nunn and Blair petition to her pleading; Underwood's First Amended Petition also did not indicate the case number of the Nunn and Blair petition, the court in which it had been filed, the date it was filed, or the date it had been dismissed.

All rule references are to Missouri Court Rules (2015).

Section 347.123(5) states:
A person ceases to be a member of a limited liability company upon the happening of any of the following events of withdrawal:
....
(5) Unless otherwise provided in the operating agreement or by the specific written consent of all members at the time, one hundred twenty days after the commencement of any proceeding against the member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any statute, law or regulation, the proceeding has not been dismissed....

Respondents attempt to profit from their suggestion that "[b]oth sides placed before the [trial] court matters outside the four corners of Underwood's petition[ ]":
Nunn and Blair submitted a copy of their petition in Nunn v. Underwood and a copy of the Kahala operating agreement. Underwood submitted copies of two different versions of the Uniform Limited Liability Act. Both sides argued the effect of § 347.125(5).
....
The issue was the application of § 347.123(5) to the agreed facts, and when the parties argued the motions, the court requested additional suggestions with respect to withdrawal of a member of the LLC. Thus, the motions were 'treated as one[s] for summary judgment.'
As to these "suggestions," Nunn and Blair filed "Supplemental Suggestions in Support of Their Motion to Dismiss Plaintiff's First Amended Petition." These suggestions requested that "Plaintiff's First Amended Petition should be dismissed in its entirety...." The suggestions did not proceed as though Rule 74.04 had been invoked, and never used the words "summary judgment" or "Rule 74.04."
Underwood filed "Suggestions in Opposition to Motion to Dismiss." The motion attached certain provisions of the 1996 and 2006 versions of the revised MLLCA, in support of her argument as to the proper interpretation of section 347.123(5). Legal authority is not an "extrinsic matter" for purposes contemplated by Rule 55.27(a). Underwood did not incorporate the Operating Agreement, the Nunn and Blair petition, any court record of the Nunn and Blair petition, or of the Nunn and Blair petition having proceeded for 120 days. Underwood's suggestions did not proceed in accord with Rule 74.04, and also never used the words "summary judgment" or "Rule 74.04." Some discrete portions of the Operating Agreement were set out on the face of Underwood's First Amended Petition as averments of fact. Underwood did not attach the Operating Agreement to her First Amended Petition.

See Grattan v. Union Elec. Co. , 151 S.W.3d 59, 61 (Mo. banc 2004) ("Rule 74 sets out a specific and mandatory procedure to determine whether a dispute exists as to any material facts.").

See Energy Creates Energy, LLC v. The Heritage Group , 504 S.W.3d 142, 148 (Mo. App. W.D. 2016) ("a motion for summary judgment is required to follow a specific format in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes. Such rationale is equally applicable to a motion to dismiss that has been converted to a motion for summary judgment. ") (internal quotations and citations omitted) (emphasis added).

See Platonov , 226 S.W.3d at 240 (reciting that proper application of Rule 55.27 is "mandatory.").

Naylor Senior Citizens Housing, LP v. Sides Construction Co., Inc. , 423 S.W.3d 238, 241 n.1 (Mo. banc 2014).

Rule 55.27(1).

Schnurbusch , 507 S.W.3d at 680 ; see Naylor , 423 S.W.3d at 241 n.1 ; Margiotta , 315 S.W.3d at 344 ; Grattan , 151 S.W.3d at 61.

Emphatically, it should not be unclear whether the trial court has converted a motion to dismiss into a motion for summary judgment. The proceedings are distinct, and enforcement of the distinctions is mandatory. If it is difficult for the reviewing court to discern what the trial court was doing, it was at least as difficult for the parties, and it casts doubt as to the trial court's enforcement of the rules.