

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **RANDALL GRAVES,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD83027** |
| | ) | |
| **v.** | ) | **OPINION FILED: March 31, 2020** |
| | ) | |
| **MISSOURI DEPARTMENT OF** | ) | |
| **CORRECTIONS, THE DIVISION OF** | ) | |
| **PROBATION AND PAROLE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Daniel R. Green, Judge

Before Division Two: Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge
and Gary D. Witt, Judge

Randall Graves ("Graves") appeals from the Circuit Court of Cole County's dismissal of his Petition for Declaratory Judgment alleging the "antiattachment" provision of 42 U.S.C. § 407(a) prohibits the Missouri Department of Corrections ("DOC") from collecting probation intervention fees from Graves's Supplemental Security Income ("SSI"). The circuit court dismissed the action for failure to state a claim upon which relief can be granted. Because the issues raised below and on appeal are not ripe for adjudication,

we affirm the dismissal but pursuant to Rule 84.14 we amend the judgment to a dismissal without prejudice.

## Factual Background[1]

Graves entered a plea of guilty to the class C felony of receiving stolen property in the Circuit Court of Platte County, and on January 10, 2019, he was sentenced to six years in DOC with execution of that sentence suspended and placed on supervised probation with DOC's Division of Probation and Parole. As a condition of his probation, Graves was ordered to comply with standard condition #10 which provides as follows:

> [Graves] shall pay a monthly intervention fee in an amount set by the [DOC] pursuant to RSMO 217.690. This payment shall be due and payable on the first day of the first month following placement on probation or acceptance of an Interstate case in the State of Missouri or on the first day of the fourth month following parole or conditional release . . . .

Graves alleged that his sole source of income is monthly SSI payments of $771.00. Graves is required to pay a $30.00 intervention fee each month. On April 16, 2019, DOC sent a letter to Graves that read in relevant part: "Our records show you have an overdue balance of $60.00 on your current cycle." Graves was warned that "[f]ailure to [pay intervention fees] may place you in violation status."[2]

---

[1] On review of a motion to dismiss, "[a] plaintiff's averments are taken as true, and all reasonable inferences therefrom are liberally construed in the plaintiff's favor." *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 631 (Mo. App. E.D. 2016).

[2] Sanctions for willful nonpayment of intervention fees include, but are not limited to, the following:
A. Written reprimand from district administrator or parole board;
B. Travel restriction;
C. Community service;
D. Increased level of supervision; and
E. shock detention[.]
14 CSR 80-5.020(1)(I)(5).

Graves filed his Petition for Declaratory Judgment in the circuit court of Cole County on May 17, 2019, and DOC filed its Motion to Dismiss on June 19, 2019. The circuit court entered judgment ordering "[DOC's] Motion to Dismiss is hereby granted with prejudice." This appeal followed.

## Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*. *Ward v. W. Cty. Motor Co.*, 403 S.W.3d 82, 84 (Mo. banc 2013). "[T]he facts contained in the petition are assumed true and construed in favor of the plaintiffs." *Id.* "If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim." *Id.* Although, the circuit court did not provide a rationale for its dismissal, we "presume[] it was for some reason stated in the dismissal motion and will affirm if dismissal was appropriate on any ground stated therein." *Eckel v. Eckel*, 540 S.W.3d 476, 489 (Mo. App. W.D. 2018) (quoting *Costa v. Allen*, 274 S.W.3d 461, 462 (Mo. banc 2008).

## Analysis

In his only point relied on, Graves argues that the trial court erred in granting DOC's motion to dismiss because requiring Graves to pay intervention fees as a condition of his probation is an improper attempt to subject Appellant's social security benefits to "other legal process" in violation of 42 U.S.C. § 407(a) (2018), which provides:

> The right of any person to any future [social security] payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to *execution, levy, attachment, garnishment, or other legal process*, or to the operation of any bankruptcy or insolvency law.

3

(emphasis added). "Missouri courts do not issue opinions that have no practical effect and that are only advisory as to future, hypothetical situations." *State ex rel. Mo. Parks Ass'n v. Mo. Dep't of Nat. Res.*, 316 S.W.3d 375, 384 (Mo. App. W.D. 2010).

> In order to grant a declaratory judgment, a trial court must have a [justiciable] controversy before it. 'A [justiciable] controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between the parties with genuinely adverse interests, *and that controversy is ripe for judicial determination*.'

*Id.* at 384-85 (quoting *River Fleets, Inc. v. Creech*, 36 S.W.3d 809, 813 (Mo. App. W.D. 2001)).

In *Reeves v. Kander*, 462 S.W.3d 853 (Mo. App. W.D. 2015), we reversed a circuit court's judgment on the merits because the matter was not yet ripe. "A review for ripeness is therefore appropriate even where, as here, '[n]either party has raised the [specific] issue of ripeness' upon which we rely, on appeal." *Id.* at 857 (quoting *Mo. Retired Teachers Found. v. Estes*, 323 S.W.3d 100, 104 n.8 (Mo. App. W.D. 2010). Specifically, the circuit court determined that if a ballot initiative for a constitutional amendment were to pass, it would violate the United States Constitution, and therefore, it could not appear on the ballot. *Id.* at 856. Because we found that the circuit court entered judgment on the merits before the challenge was ripe, we reversed and certified the initiative to the Secretary of State. *Id.* at 859. Similarly, in the instant case neither party has challenged ripeness on appeal, but because Graves's petition for declaratory judgment is premature, we reverse. *See Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 33 (Mo. banc 2003) ("[B]ecause the controversy is not ripe for review, the judgment of dismissal is modified to one without prejudice.").

4

Graves and DOC both acknowledge that the sentencing court ordered Graves to pay intervention fees as set by DOC and that DOC has set the fee at $30 per month. Graves does not allege in his petition that the sentencing court or DOC lacked the authority to order the fees to be assessed or that the amount of the fee is unauthorized. In fact, Graves concedes "that simply imposing intervention fees does not necessarily implicate 'other legal process' under 42 U.S.C. § 407 (a)." Graves argues that because "[DOC] is *required* to violate Appellant when nonpayment occurs over a period of ninety consecutive days makes resort to 'other legal process,' as a practical matter, a forgone conclusion." We disagree. 14 CSR 80-5.020(1)(I)(4) provides that "[w]hen *willful* nonpayment occurs over a period of ninety (90) consecutive days, the supervising [parole] officer shall submit notice of citation or violation report[.]" (emphasis added). Additionally, 14 CSR 80-5.020(1)(H) provides that when "an offender is unable to pay because of having insufficient income, fees may be waived in whole or in part."

In *Farm Bureau Town and Country Insurance Company of Missouri v. Angoff*, 909 S.W.2d 348, 353 (Mo. banc 1995), the Court found that:

> Until an agency has made a final determination that finds facts, applies the law to those facts, and construes the applicable statutes, it is impossible to know if a subsisting justiciable controversy exists between the agency and the party seeking declaratory relief. Prior to the agency's decision, the controversy remains hypothetical and premature. Declaratory judgment actions should not be resorted to for the purpose of giving advisory opinions.

Graves merely alleges that DOC sent a letter to Graves that stated, "Failure to [pay intervention fees] *may* place [Graves] in violation status." (emphasis added). The regulation only makes "willful nonpayment" a violation. Graves makes no assertion on appeal that DOC has made a final determination as to whether Graves's nonpayment is

5

willful or not, a decision subject to judicial review by the sentencing court. To adequately address the issue, we would have to assume that: (1) DOC would find Graves's nonpayment to be willful; (2) DOC would file a violation report based on nonpayment; (3) Graves would, at that time, have no other source of funds to pay the fees other than his SSI; and (4) the sentencing court would agree with DOC's analysis.[3] Graves's financial condition is subject to change prior to any of these events occurring. Graves may obtain employment, inherit assets, or experience any number of other unknown events, which would not require the use of his SSI benefits to pay the supervision fees and therefore would not result in any potential violation of the provisions of section 407(a). Thus, the controversy before us is hypothetical, and any opinion rendered by this Court or the circuit court would be premature and advisory.

## Conclusion

Rather than remanding the case to the trial court, pursuant to Rule 84.14, we "give such judgment as the court ought to give." The judgment of dismissal is affirmed. However, because the controversy is not ripe at this time but could become ripe at a future time, the judgment of dismissal is modified to a dismissal without prejudice.

_____
Gary D. Witt, Judge

All concur

---

[3] Graves cites various cases in other Missouri trial courts where DOC has taken such action and the relevant sentencing courts have violated parolees for nonpayment of intervention fees. Such cases are not properly before us, and those instances are not indicative of how DOC or the sentencing court will proceed under these facts.